

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-26-2006

# Coulthrust v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4151

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Coulthrust v. Atty Gen USA" (2006). *2006 Decisions.* Paper 1210.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1210

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

NO. 05-4151

_____

DORRELL R. COULTHRUST,
Petitioner

v.

ATTORNEY GENERAL OF
THE UNITED STATES,
Respondent

_____

Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
(BIA No. A35-217-605)

_____

Submitted Under Third Circuit LAR 34.1(a)
February 23, 2006

Before: ROTH, RENDELL and AMBRO, Circuit Judges.

(Filed: April 26, 2006)

_____

OPINION OF THE COURT

_____

PER CURIAM

Dorrell Coulthrust petitions for review of an order of the Board of Immigration

Appeals (BIA or Board) denying his motion to reopen his immigration proceedings. For

the reasons that follow, we will deny the petition.

In April 2003, an immigration judge (IJ) ordered Coulthrust deported to Barbados. On December 15, 2003, the BIA affirmed the IJ's order. On July 28, 2004, this Court dismissed Coulthrust's petition for review of the BIA's order, and on October 13, 2004, we denied Coulthrust's petition for rehearing. On July 11, 2005, Coulthrust filed a motion to reopen the immigration proceedings with the BIA. The BIA denied the motion as untimely, and Coulthrust subsequently filed a timely petition for review.

We have jurisdiction under 8 U.S.C. § 1252. We review the Board's denial of a motion to reopen for an abuse of discretion with "broad deference" to its decision. Ezeagwuna v. Ashcroft, 325 F.3d 396, 409 (3d Cir. 2003). Under this standard, we will reverse the BIA's decision only if it is "arbitrary, irrational, or contrary to law." Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002). A motion to reopen must be filed no more than ninety days after the final administrative decision was rendered. See 8 C.F.R § 1003.2(c)(2).[1]

Here, Coulthrust concedes that the motion to reopen was filed more than a year past the time allowed for such motions. Coulthrust argued in his motion to reopen that he has requested records through Freedom of Information Act requests but the Department of Homeland Security has not yet provided those records. However, Coulthrust does not describe these records or explain how they would prove that he is a United States national

---

[1] There are exceptions to this deadline which are not applicable here. See 8 C.F.R. § 1003.2(c)(3).

or undermine the BIA's conclusion that he is an aggravated felon subject to deportation.

We find no basis to conclude that the BIA abused its discretion in denying Coulthrust's motion to reopen. Accordingly, we will deny the petition for review.