**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 5, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DORRELL R. COULTHRUST,

      Petitioner-Appellant,

v.

WALT WELLS,

      Respondents-Appellees.

No. 07-2038
(D.C. No. CIV-06-984-MCA/ACT)
(D. New Mexico)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

---

      Although it is difficult to discern from the scant materials he has provided, construing those materials as liberally as possible, *see Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007), Dorrell Coulthrust indicates that he was twice convicted of possession with intent to distribute cocaine, first in 1990 and then again in 1991; after his second conviction, apparently in federal court, Mr. Coulthrust received a sentence of 240 months' imprisonment which he is currently serving in a New Mexico facility. In separate proceedings, an

---

      [*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

immigration judge in April 2003 ordered Mr. Coulthrust deported to Barbados at the conclusion of his prison term. Mr. Coulthrust sought to overturn the immigration judge's order but his efforts to date seem to have proven unsuccessful. *See Coulthrust v. Attorney General*, 177 Fed. Appx. 234 (3d Cir.) (unpub.), *cert. denied*, 127 S.Ct. 293 (2006).

Having failed to defeat the immigration judge's deportation order through conventional channels, and shortly after receiving the Third Circuit's decision on his immigration appeal, Mr. Coulthrust filed this *pro se* habeas petition in federal court in New Mexico pursuant to 28 U.S.C. § 2241. As best we can tell, this petition also purports to challenge the right asserted by the Department of Homeland Security ("DHS") to remove him after he finishes his prison term. The magistrate judge hearing the petition recommended dismissing it for lack of jurisdiction. The magistrate judge did so on the basis of Mr. Coulthrust's twin admissions in his trial court pleadings – namely, that he has been convicted of an aggravated felony and is not a citizen or national of the United States – as well as the Real ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231, 310, which provides in pertinent part that

> [n]otwithstanding any other provision of law (statutory or nonstatutory), *including section 2241 of Title 28*, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), *no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense* covered in section 1182(a)(2) or 1227(a)(2)(A)(iii), (B), (C), or (D) of this title, or any

offense covered by section 1227(a)(2)(A)(ii) of this title for which both predicate offenses are, without regard to their date of commission, otherwise covered by section 1227(a)(2)(A)(i) of this title.

8 U.S.C. § 1252(a)(2)(C) (emphases added); *see* Mag. J. Proposed Findings and Recommend Disposition of Dec. 6, 2006, at 2-3. The Real ID Act made petitions for review of decisions of the Board of Immigration Appeals the "sole and exclusive means" for contesting most removal orders in federal court. 8 U.S.C. § 1252(a)(5).

The district court rejected Mr. Coulthrust's objections to the magistrate judge's recommendation and dismissed Mr. Coulthrust's habeas petition for lack of jurisdiction on December 28, 2006. Mr. Coulthrust thereafter requested permission to proceed on appeal *in forma pauperis*, which the district court denied on March 2, 2007, on the ground that Mr. Coulthrust's proposed appeal presented no reasoned argument in law or fact.

In his papers before us, Mr. Coulthrust appears to argue that removal would be inappropriate because he "ow[e]s permanent allegiance to New York state[,] a Republic." Pet'r's Resp. to Mag. J. Findings and Recommendations at 3. On this basis, Mr. Coulthrust also appears to assert he is not an alien, as that term is defined in 8 U.S.C. § 1101(a)(3), and therefore his habeas petition is not subject to the Real ID Act's jurisdictional restrictions contained in 8 U.S.C. § 1252(a)(2)(C). *See* Appellant's Br. at 4.

Mr. Coulthrust's arguments falter on many fronts.[1]  By way of example, he appears to believe that New York state can, and has, established separate procedures for the naturalization of new citizens; however, the United States Constitution grants this authority exclusively to the federal government.  *See* U.S. Const. Art. I § 8 ("Congress shall have Power . . . [t]o establish a uniform Rule of Naturalization . . . .").  Further, as the magistrate judge observed, Mr. Coulthrust repeatedly concedes that he is "a citizen of a foreign state," Pet'r's Habeas Petition at 1, a native of Barbados, *id.* at 21, and "NOT A FEDERAL U.S. CITIZEN i.e. 14th Amendment Citizen," Pet'r's Resp. to Mag. J. Findings and Recommendations at 4.  Accordingly, he is, by his own admission, an "alien" subject to the jurisdictional restrictions contained in Section 1252(a)(2)(C).  *See* 8 U.S.C. § 1101(a)(3) ("The term 'alien' means any person not a citizen or national of the United States.").  Even assuming Mr. Coulthrust had presented a colorable claim that he is a citizen or national of the United States, moreover, any challenge to a removal order generally should be filed in connection with his immigration proceedings, 8 U.S.C. § 1252(a)(5), and should be filed "with the

---

[1]  Because he claims to be a federal prisoner challenging a federal order under Section 2241, Mr. Coulthrust does not need to obtain a certificate of appealability prior to obtaining an appellate disposition on the merits of his petition. *Aguilera v. Kirkpatrick*, 241 F.3d 1286, 1292 (10th Cir. 2001) (when petitioner seeks review of deportation order under Section 2241, a court "need not . . . grant a certificate of appealability as is required in some habeas cases").

court of appeals for the judicial circuit in which the immigration judge completed the proceedings," 8 U.S.C. § 1252(b)(2). At least from the limited set of materials provided by Mr. Coulthrust, it appears the appropriate circuit to hear such a challenge would be the Third Circuit, not our own.

Accordingly, we dismiss Mr. Coulthrust's petition for lack of jurisdiction and, concurring with the district court's assessment that he lacked a reasoned argument to pursue on appeal and therefore that his appeal was not taken in good faith, *see* 28 U.S.C. § 1915(a)(3), we deny his request for leave to proceed before this court *in forma pauperis*.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge