**F I L E D**

**UNITED STATES COURT OF APPEALS**

**August 22, 2007**

**TENTH CIRCUIT**

JIAYANG HUA,

      Petitioner - Appellant,

v.

UNIVERSITY OF UTAH; DAVID
PERSHING, Vice President;
UNIVERSITY OF UTAH
SOCIOLOGY DEPARTMENT;
FREDERICK RHODEWALT,
Sociology Department Chair;
SOCIOLOGY GRADUATE
COMMITTEE; GEORGE MILLER,
Graduate Director,

      Respondents - Appellees.

No. 07-4070
(D.C. No. 2:06-CV-00662-DAK)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

Jiayang Hua, an expelled sociology graduate student at the University of

Utah, filed two unsuccessful *pro se* lawsuits in Utah state courts against the

University and several of its officials, challenging his expulsion on both federal

---

[*] After examining the briefs and appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).
This case is therefore ordered submitted without oral argument. This order and
judgment is not binding precedent except under the doctrines of law of the case,
res judicata and collateral estoppel. It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

and state law grounds. Unhappy with the results in his state court proceedings, Mr. Hua then filed a *pro se* complaint in the United States District Court for the District of Utah, essentially attempting to appeal the state courts' decisions. The district court held, *inter alia*, that Mr. Hua failed to state a claim due to the *Rooker-Feldman* doctrine. Alternatively, it held that either *res judicata* (claim preclusion) or the Utah statute of limitations barred his federal action. We agree and affirm.

* * *

In May 1999, the Sociology Department at the University of Utah expelled Jiayang Hua from its graduate program for failure to make sufficient progress toward his doctoral degree. Over a year later, Mr. Hua appealed this decision to the department, which stood by its decision to expel him. Mr. Hua then appealed to the College of Social and Behavioral Science Academic Misconduct Committee, which denied Mr. Hua's appeal in writing after granting him a full evidentiary hearing in April 2001. Both the dean and vice president of academic affairs reviewed and denied Mr. Hua's appeal before the University issued a final written denial in March 2002.

In August 2002, Mr. Hua filed a lawsuit in state court against the University, its vice president for academic affairs, the sociology department, and its chair, seeking to revisit the University's decision to expel him. The Utah court dismissed Mr. Hua's lawsuit for lack of jurisdiction under the Utah Government

Immunity Act and the Utah Administrative Procedures Act. Instead of appealing this dismissal, Mr. Hua brought a second state court lawsuit in July 2003 against the University, the sociology department, its chair, and the graduate program director. Here, Mr. Hua again sought review of the University's decision to expel him, though he also added claims for money damages, alleging emotional distress and violations of his federal rights, including under the Takings Clause. The state trial court this time held that Utah's four-year statute of limitations barred Mr. Hua's federal claims and *res judicata* barred his state claims. Mr. Hua appealed to the Utah appellate court, which affirmed; both the Utah Supreme Court and United States Supreme Court declined to take his case.

In August 2006, Mr. Hua filed the present action in the United States District Court for the District of Utah, seeking review of his expulsion proceedings and state court suits, alleging violations of his federal rights, and seeking damages. The district court held that the *Rooker-Feldman* doctrine prevented it from entertaining his suit. *See Bolden v. City of Topeka, Kan.*, 441 F.3d 1129, 1139 (10th Cir. 2006) ("The *Rooker-Feldman* doctrine prohibits federal suits that amount to appeals of state-court judgments."). Alternatively, the district court held that *res judicata* (claim preclusion) foreclosed its review. *See MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 831 (10th Cir. 2005) ("The doctrine of *res judicata*, or claim preclusion, will prevent a party from relitigating a legal claim that was or could have been the subject of a previously issued final

judgment.") (internal citation omitted).  Indeed, the district court held that (1) the Utah state courts issued final judgments on the merits; (2) Mr. Hua sued the same parties as in the Utah state court proceedings; and (3) Mr. Hua brought an identical cause of action in federal court that he brought in state court.  Finally, the district court held Mr. Hua's federal lawsuit also suffered from fatal limitations problems.  *See* Utah Code Ann. § 78-12-25(3) (providing four-year statute of limitations "for relief not otherwise provided by law").  Thus, the district court dismissed with prejudice Mr. Hua's complaint, under, *inter alia*, 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim.[1]

The charges leveled in Mr. Hua's complaint fall into three broad categories: (1) those seeking review of his state court proceedings, alleging, for example, abuse of discretion by Utah judges; (2) those seeking direct review of the University's decision to terminate him; and (3) those alleging violations of his federal rights.  Construing Mr. Hua's *pro se* complaint with due generosity, *see Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007), we affirm the district court's dismissal for substantially the same reasons as outlined in its well-reasoned opinion.[2]

---

[1] The district court also found Mr. Hua's complaint frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).  Because we agree with the district court that Mr. Hua fails to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), we need not address its alternative frivolousness ruling.

[2]  We grant Mr. Hua's motion to make "technical corrections" to his
(continued...)

-4-

First, as the district court explained, it is not generally our role as federal judges to entertain appeals from state courts. *See* Wright, Miller & Cooper, 18B Fed. Prac. & Proc. § 4469.1 ("The 'Rooker-Feldman' doctrine . . . establishes a nearly redundant limit on federal subject-matter jurisdiction. The basic theory is that only the United States Supreme Court has been given jurisdiction to review a state-court decision. The general statutes that establish original federal subject-matter jurisdiction in the district courts do not extend to an 'appeal' from a state-court judgment. This doctrine is nearly redundant because most of the actions dismissed for want of jurisdiction also could be resolved by invoking the claim- or issue-preclusion consequences of the state judgments."). To the extent that Mr. Hua seeks to set aside the state court rulings against him – which he does in asserting that the state courts applied inappropriate legal standards and in questioning their judgments and discretion – we lack jurisdiction to hear his claims and affirm dismissal of those portions of his appeal for lack of subject matter jurisdiction under *Rooker-Feldman*.

As to the claims that the University unfairly expelled him – claims Mr. Hua has effectively recycled through the Utah courts and now through the federal court system – the district court properly held that the Utah state court decisions

---

[2](...continued)
opening brief.

precluded Mr. Hua's federal court claims. Accordingly, we affirm dismissal of those claims as *res judicata*.

Finally, Mr. Hua's federal claims are time barred. Even if – most generously to Mr. Hua – the statute-of-limitations clock did not begin ticking until March 11, 2002, when the University issued its final order upholding its May 1999 decision to expel him, he did not file his complaint in the district court until August 2006. This is clearly outside of the applicable four-year limitations window, and we are pointed to no relevant authority indicating that Mr. Hua's claims should be tolled. *Affirmed*.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge