**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 15, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROBERT E. BIEHL,

      Plaintiff-Appellant,

v.

BRENDA STOSS, City of Salina
Municipal Court Judge, and ROBERT
A. THOMPSON, City of Salina
Municipal Court Judge,

      Defendants-Appellees.

No. 07-3232
(D.C. No. 07-CV-4084-SAC)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

Robert Biehl filed a *pro se* suit seeking damages from two judges of the

City of Salina Municipal Court, contending that they mishandled criminal

proceedings in which he was charged and convicted of drunk driving. Because

judges are absolutely immune from claims for damages brought against them for

---

[*] After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

actions taken in their official capacity, we affirm the district court's dismissal of the suit.

\* \* \*

Following a series of appearances before the City of Salina Municipal Court, stemming from drunk driving charges against him, Mr. Biehl sued Brenda Stoss and Robert Thompson, two of the judges who presided over his hearings. In his complaint, Mr. Biehl alleges that Judge Stoss and Judge Thompson failed to appoint an attorney, to which he was entitled by law, to represent him; refused to dismiss pending charges against him when police officers did not appear at hearings; conducted a "phony" trial; and found him guilty. Furthermore, although his complaint contains no allegations to this effect, Mr. Biehl submitted with his complaint a copy of a waiver of counsel bearing his signature, with a handwritten note stating that the signature was forged.

Mr. Biehl sought both compensatory and punitive damages, although he did not specify an amount due to his belief that "no amount could make up for [his] losses." The magistrate judge assigned the case granted Mr. Biehl's motion to proceed *in forma pauperis*. The district court then dismissed the suit under 28 U.S.C. § 1915(e)(2)(B)(iii), which requires the dismissal at any time of a suit for money damages brought against an official immune from such relief. Mr. Biehl appeals.

\* \* \*

"We review determinations of absolute immunity *de novo*." *Perez v. Ellington*, 421 F.3d 1128, 1133 (10th Cir. 2005) (citation omitted). In light of Mr. Biehl's *pro se* status, we construe his complaint liberally. *See Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007); *see also Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007). However, even construing Mr. Biehl's complaint liberally, we agree with the district court that it must be dismissed.

Congress has provided that in suits proceeding *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(iii). It is "well established that absolute immunity bars suits for money damages for acts made in the exercise of prosecutorial or judicial discretion." *Andrews*, 483 F.3d at 1076 (internal quotation omitted). There are only two exceptions to judicial immunity: (1) "actions not taken in the judge's judicial capacity," and, (2) actions of a judicial nature "taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991).

Here, it is obvious from Mr. Biehl's allegations that his alleged injuries arise from actions taken by Judge Stoss and Judge Thompson in their judicial capacities. He alleges that, while presiding over his hearings, the judges did or failed to do various things in relation to the charges pending against him, such as failing to appoint counsel. Similarly, Mr. Biehl does not challenge the

jurisdiction of the Salina Municipal Court. Finally, while a claim that a judge had forged the signature of a defendant on a waiver of counsel form might not be barred by judicial immunity, Mr. Biehl has failed to allege that either defendant forged his signature. His complaint contains no allegations regarding forgery at all, and his handwritten note on the attached documents fails to specify which, if either, of the defendants he believes forged his signature. Thus, neither exception to judicial immunity applies, and the district court properly dismissed the suit.

* * *

The judgment of the district court is affirmed.

ENTERED FOR THE COURT

Neil M. Gorsuch
Circuit Judge