FILED
United States Court of Appeals
Tenth Circuit

December 6, 2007

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

CARL WESTON,

      Plaintiff-Appellant,

  and

EDDIE L. ANDREWS; RODNEY
CLASS; ANGELA S. ANDREWS;
RICHARD ANDREWS; DWIGHT L.
CLASS; MARIA JANET MOFFIT;
SHERWOOD T. RODRIGUES;
WILLIAM MCDONALD; JOHN
DOE, Suing as: John and Jane Doe;
VINCENT RALPH CALIGIURI;
DELANT CORY PALMERTON,

      Plaintiffs,

v.

UNITED STATES OF AMERICA;
STATE JUSTICE INSTITUTE,
official capacity; STATE OF
OKLAHOMA; W.A. DREW
EDMONDSON, individual; STATE
OF OHIO; JIM PETRO, individual;
BETTY MONTGOMERY, individual;
BOB TAFT, individual; DEBORAH J.
GROOM, individual; WILLIAM F.
DOWNES, individual; MARSHA J.
PECHMAN, individual; ROBERT J.
BRYAN, individual; LAWRENCE K.
KARLTON, individual; FRANKLIN
D. BURGESS, individual; JOE
HEATON, individual; FIRST
NATIONAL BANK, official capacity;

No. 07-5026
(D.C. No. 06-CV-460-TCK-PJC)
(N.D. Okla.)

STATE OF WASHINGTON; ROB
MCKENNA, individual; STATE OF
CALIFORNIA; BILL LOCKYER,
individual; STATE OF TEXAS;
GREG ABBOTT, individual; STATE
OF NORTH CAROLINA; ROY
COOPER, individual; CNA SURETY,
official capacity; WESTFIELD
INSURANCE, official capacity;
GRETCHEN C F SHAPPERT,
individual,

          Defendants-Appellees.

---

CARL WESTON; RODNEY CLASS;
ANGELA S. ANDREWS; RICHARD
ANDREWS; DWIGHT L. CLASS;
MARIA JANET MOFFIT;
SHERWOOD T. RODRIGUES;
WILLIAM MCDONALD; JOHN
DOE, Suing as: John and Jane Doe;
VINCENT RALPH CALIGIURI;
DELANT CORY PALMERTON,

          Plaintiffs,

   and

EDDIE L. ANDREWS,

          Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA;
STATE JUSTICE INSTITUTE,
Official Capacity; STATE OF
OKLAHOMA; W.A. DREW
EDMONDSON, Individual; STATE

No. 07-5042
(D.C. No. 06-CV-460-K)
(N.D. Okla.)

-2-

OF OHIO; JIM PETRO, individual; BETTY MONTGOMERY, individual; BOB TAFT, individual; DEBORAH J. GROOM, individual; WILLIAM F. DOWNES, individual; MARSHA J. PECHMAN, individual; ROBERT J. BRYAN, individual; LAWRENCE K. KARLTON, individual; FRANKLIN D. BURGESS, individual; JOE HEATON, individual; FIRST NATIONAL BANK, Official capacity; STATE OF WASHINGTON; ROB MCKENNA, individual; STATE OF CALIFORNIA; BILL LOCKYER, individual; STATE OF TEXAS; GREG ABBOTT, individual; STATE OF NORTH CAROLINA; ROY COOPER, individual; CNA SURETY, Official capacity; WESTFIELD INSURANCE, Official capacity; GRETCHEN C F SHAPPERT, individual,

Defendants-Appellees.

CARL WESTON; EDDIE L. ANDREWS; ANGELA S. ANDREWS; RICHARD ANDREWS; DWIGHT L. CLASS; MARIA JANET MOFFIT; SHERWOOD T. RODRIGUES; WILLIAM MCDONALD; JOHN DOE, Suing as: John and Jane Doe; VINCENT RALPH CALIGIURI; DELANT CORY PALMERTON,

Plaintiffs,

and

No. 07-5048
(D.C. No. 06-CV-460-K)
(N.D. Okla.)

-3-

RODNEY CLASS,

        Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA;
STATE JUSTICE INSTITUTE,
Official Capacity; STATE OF
OKLAHOMA; W.A. DREW
EDMONDSON, Individual; STATE
OF OHIO; JIM PETRO, individual;
BETTY MONTGOMERY, individual;
BOB TAFT, individual; DEBORAH J.
GROOM, individual; WILLIAM F.
DOWNES, individual; MARSHA J.
PECHMAN, individual; ROBERT J.
BRYAN, individual; LAWRENCE K.
KARLTON, individual; FRANKLIN
D. BURGESS, individual; JOE
HEATON, individual; FIRST
NATIONAL BANK, Official capacity;
STATE OF WASHINGTON; ROB
MCKENNA, individual; STATE OF
CALIFORNIA; BILL LOCKYER,
individual; STATE OF TEXAS;
GREG ABBOTT, individual; STATE
OF NORTH CAROLINA; ROY
COOPER, individual; CNA SURETY,
Official capacity; WESTFIELD
INSURANCE, Official capacity;
GRETCHEN C F SHAPPERT,
individual,

        Defendants-Appellees.

-4-

ORDER AND JUDGMENT[*]

Before **KELLY**, **PORFILIO**, and **ANDERSON**, Circuit Judges.

This matter began when an original group of nine plaintiffs filed a complaint in the district court accusing various defendants of RICO violations, fraud, and numerous other statutory and common law offenses. In an amended opinion and order entered on the civil docket on October 24, 2006, the district court dismissed the complaint for failure to state a claim for relief under Fed. R. Civ. P. 12(b)(6). The district court, however, did not enter the judgment on a separate document as required by Fed. R. Civ. P. 58(a).[1] In that circumstance, judgment is deemed entered 150 days after the entry of the opinion and order in the civil docket under Fed. R. Civ. P. 79(a), or on March 23, 2007. *See* Fed. R. Civ. P. 58(c)(2)(B). Plaintiffs then had another thirty days within which to file their notices of appeal, or until April 23, 2007. Fed. R. App. P. 4(a)(1)(A). The notices of appeal from appellants Weston, Andrews, and Class were all filed

[*]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1]    On December 1, 2007, the restyled Federal Rules of Civil Procedure went into effect. What was previously Rule 58(a)(1) is now Rule 58(a).

before that date.[2]  We therefore DENY appellees' motions to dismiss these appeals as untimely.

We have consolidated appeals 07-5026, 07-5042, and 07-5048 and we AFFIRM the judgment of the district court for substantially the same reasons stated by that court in its Amended Opinion and Order dated October 24, 2006. We DENY all of appellants' outstanding motions, including their motion to strike Frank M. Strigari's filing for just cause, the request for the clerk's entry of default and the clerk's entry of judgment under Fed. R. Civ. P. 55(b)(1), the notice of removal, the judicial notice of no due process with intent to rush judgment on Richard Andrews' default motion, plaintiffs' judicial notice of no due process with intent to rush judgment on Jeanette Triplett, and the motion to disqualify the full panel of Tenth Circuit judges.

Appellees Westfield Insurance Company, CNA Surety, and First National Bank ("Corporate Appellees") have filed a separate Fed. R. Civ. P. 38 motion for sanctions against appellant Andrews in appeal No. 07-5042.  The Corporate Appellees request an order enjoining Andrews from bringing any suit against any of them without first receiving leave of court and further awarding them reasonable attorney's fees and costs associated with defending this appeal.  This

---

[2]    Plaintiffs Palmerton and Caliguiri also filed timely notices of appeal, but their appeals were eventually dismissed for failure to pay the filing fee.

-6-

court has given Andrews an opportunity to respond to the request for sanctions, but he has not done so.

As we noted in *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007), an appeal also involving Andrews and the issues he raises here, "[f]ederal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions in appropriate circumstances." We agree with the Corporate Appellees that Andrews has abused the appellate process by filing numerous frivolous appeals. We therefore ENJOIN Andrews from filing any further complaints in the United States District Court for the Northern District of Oklahoma against any defendants containing the same or similar allegations set forth in his complaint in the instant case without first obtaining permission from the Chief Judge of that court. Andrews is further prohibited from making the same or similar claims in any appeal or original proceeding in this court against any defendants. In any proceeding invoking related claims or theories brought by Andrews, the Clerk of this court shall direct Andrews to show cause in writing why the matter should not be dismissed pursuant to these restrictions.

We GRANT the Corporate Appellees request for an award in the form of reasonable attorney's fees and costs associated with defending this appeal. We remand the issue of reasonableness to the district court, however, to determine the amount to be awarded in the first instance. *See Hoyt v. Robson Cos.*, 11 F.3d 983, 985 (10th Cir. 1993).

The judgment of the district court is AFFIRMED, and this case is REMANDED to the district court to determine the sanction amount in accordance with this order and judgment.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

-8-