**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 23, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

<u>PUBLISH</u>

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

EDDIE L. ANDREWS, an individual,

      Plaintiff-Appellant,

v.

JOE HEATON, an individual; JOHN C.
PORFILIO, an individual; PAUL J.
KELLY, an individual; CARLOS F.
LUCERO, an individual; TERRENCE L.
O'BRIEN, an individual; TIMOTHY
TYMKOVICH, an individual; WADE
BRORBY, an individual; ELISABETH A.
SHUMAKER, an individual; D. WAYNE
LEE, an individual; JANET WRIGHT, an
individual; JOSEPH W. HARRIS, an
individual; TRAVIS WHITE, an
individual; ANGELA TARRON, an
individual; DAVID L. RUSSELL, an
individual; MELANIE LESLEY, an
individual; ROBIN CAUTHRON, an
individual; JOSEPH STREALY, an
individual; TIMOTHY D. LEONARD, an
individual; VICKI MILES-LAGRANGE,
an individual; STEPHEN P. FRIOT, an
individual; RALPH G. THOMPSON, an
individual; LEE R. WEST, an individual;
DOYLE W. ARGO, an individual; BANA
ROBERTS, an individual; GARY M.
PURCELL, an individual; VALERIE K.
COUCH, an individual; ROBERT E.
BACHARACH, an individual; RONALD
L. HOWLAND, an individual; SHON T.
ERWIN, an individual; ROBERT D.
DENNIS, an individual; LISA BOLDS,
an individual; PATRICK J. FISHER, JR.,

Nos. 06-6215, 06-6253, 06-6279

an individual; DEBRA STRUCK, an individual; DEANELL REECE TACHA, an individual; WILLIAM J. HOLLOWAY, JR., an individual; ROBERT H. McWILLIAMS, an individual; MONROE G. McKAY, an individual; STEPHANIE K. SEYMOUR, an individual; STEPHEN H. ANDERSON, an individual; BOBBY R. BALDOCK, an individual; DAVID M. EBEL, an individual; ROBERT H. HENRY, an individual; MARY BECK BRISCOE, an individual; MICHAEL R. MURPHY, an individual; HARRIS L HARTZ, an individual; MICHAEL W. McCONNELL, an individual; DREW EDMONDSON, an individual; MARTHA R. KULMACZ, an individual; HOWARD H. HENDRICK, an individual; RICHARD W. FREEMAN, JR., an individual; CHARLES L. WATERS, an individual; NANCY VONBARGEN, an individual; DOUG HOUGHT, an individual; GALE F. SMITH, an individual; THOMAS M. BARTHELD, an individual; DANNY R. DEAVER, an individual; WINFORD MIKE WARREN, an individual; KALYN C. FREE, an individual; CHRIS WILSON, an individual; CHERYL CERDA, an individual; CHUCK COURTS, an individual; ERIC YARBOUROUGH, an individual; RITA PELOQUIN, an individual; LAURA TORBETT, an individual; KEVIN OPENHOUSE, an individual; JAMES PHYLLIER, an individual; DAVID CUMMINS, an individual; GLEN DRESBACK, an individual; TOM PIXTON, an individual; FAYE SMART, an individual; CAROLYN HATHCOAT,

an individual; CELO HARREL, an individual; JOHN WAMPLER, an individual; STEPHEN BROOKS, an individual; JAQUELINE DUNCAN, an individual; PHYLLIS DENNEY, an individual; PAT VERSTEEG, an individual; DOUGLAS E. CRESSLER, an individual; L. BALLY, an individual; RHONDA REYNOLDS, an individual; SHAWNA FAHRENTHOLD, an individual; DENISE GERHOLD, an individual; JERRY L. ANDREWS, an individual; TRACII ANDREWS, an individual; PAULETTE SCHULTZ, an individual; DAN DEVERS, an individual; and GAIL SMITH, an individual,

Defendants-Appellees.

---

**Appeal from the United States District Court
for the Western District Oklahoma
(D.C. Nos. CIV-06-510-WFD and CIV-06-652-WFD)**

---

Submitted on the briefs.[*]

Eddie L. Andrews, Pro Se.

Linda Soper, Assistant Attorney General, Oklahoma Attorney General's Office, Oklahoma City, Oklahoma; Martha R. Kulmacz, Assistant Attorney General, Office of Attorney General, Oklahoma City, Oklahoma; Deborah J. Groom, Assistant United States Attorney, Fort Smith, Arkansas; Joseph W. Harris, Tulsa Oklahoma; Richard W. Freeman, Assistant General Counsel, Department of

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10 Cir. R. 34.1(G). This case is therefore ordered submitted without oral argument.

Human Services, Oklahoma City, Oklahoma; John M. Wampler, District Attorney, Greer County, Mangum, Oklahoma; Patrick O'Hara, Jr., and Brian L. Cramer, Whitten, Nelson, McGuire, Terry & Roselius, Oklahoma City, Oklahoma; and Glen L. Dresback, Altus, Oklahoma, for Defendants-Appellees.

---

Before **GORSUCH**, and **HOLMES**, Circuit Judges, and **KRIEGER**, District Judge.[**]

---

**GORSUCH**, Circuit Judge.

---

This case involves three appeals and an array of appellate motions filed by Eddie L. Andrews arising from two federal lawsuits he brought seeking to compel federal judges to enjoin state court proceedings and obtain damages from them. A prior suit filed by Mr. Andrews regarding the same subject matter resulted in an additional two appeals before this court. As with that first lawsuit, we now conclude that Mr. Andrews's second and third lawsuits are without merit and were properly dismissed by the district court. Mr. Andrews's complaints currently before us suffer from several fatal defects; among other things, they seek to assert claims against defendants entitled to absolute judicial immunity, fail to meet the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure, and seek to enforce criminal statutes through a civil action. Because of the vexatious nature of Mr. Andrews's filings, the district

---

[**] The Honorable Marcia S. Krieger, United States District Judge for the District of Colorado, sitting by designation.

-4-

court imposed restrictions on Mr. Andrews's ability to pursue additional *pro se* filings in the Western District of Oklahoma. We modify these restrictions, limiting them in scope to filings related to the subject matter of Mr. Andrews's three related federal lawsuits, but we also extend them to preclude Mr. Andrews from filing additional appeals in these or future related cases.

I

Although it is difficult to discern from the record, these appeals appear to have their origin in a 2001 decision by the Oklahoma Department of Human Services ("DHS") to investigate complaints regarding various children in Mr. Andrews's care, at least one of whom appears to have been his daughter. DHS ultimately decided that the children should be placed in protective custody and then foster care, and that Mr. Andrews should be denied custody and visitation rights to his daughter (and potentially the other children as well). It appears that Mr. Andrews sought to regain custody through some sort of state court proceeding but grew frustrated and eventually sought recourse in federal court.[1]

---

[1] Defendants Joseph Harris and Paulette Schultz maintain that Mr. Andrews never properly appealed in Oklahoma courts to regain custody of his child or obtain visitation rights. In addition, they maintain that Mr. Andrews has not made any of his court-ordered child support payments (or properly sought modification of the child support order) and, as a result, has an extant warrant for felony child support charges. We need not address, let alone resolve, any of these contentions here.

Mr. Andrews's first federal case in the Western District of Oklahoma, CIV-05-110, named various family members and three DHS agents as defendants; alleged a criminal conspiracy and violation of his procedural due process rights; and sought to enjoin undefined state court proceedings which, as best the district court could discern, appear to have involved a non-party to the lawsuit. Federal district court Judge Joe Heaton dismissed Mr. Andrews's claims, holding that most of the allegations fell outside the relevant statute of limitations and that a federal court had neither the authority to enjoin the proceedings of an independent sovereign judicial system under the circumstances nor the authority to enjoin parties Mr. Andrews had not named as defendants. Mr. Andrews's case resulted in two appeals to this court (filed on the same date), which were resolved together and affirmed the district court's dismissal of his case.

Mr. Andrews then filed his second federal lawsuit in the Western District of Oklahoma, CIV-06-510, naming some 21 defendants, including all of the federal district and appellate judges who had issued orders adverse to him, members of their staffs, and "John and Jane Does 1 through 199." This lawsuit alleged, among other things, that the named defendants had entered into a criminal conspiracy to deprive Mr. Andrews of his rights and defraud the United States in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq.*

The claims against the federal judges and court employee defendants were dismissed *sua sponte*[2] by Judge David L. Russell on May 17, 2006, because, the court held, these defendants were entitled to absolute judicial immunity for the alleged conduct in the complaint. Regarding the claims against the other defendants, Judge Russell held that the claims for violations of criminal statutes were not enforceable in a private civil action, the (generously read) civil RICO claims failed to comply with the heightened pleading requirements of Rule 9(b), and there were no allegations regarding any acts by the John and Jane Doe defendants. Judge Russell instructed Mr. Andrews that if he wished to proceed with his lawsuit he should file an amended complaint within 20 days. Mr. Andrews did not do so.

Instead, on May 30, 2006, Mr. Andrews filed a motion to vacate Judge Russell's order, which was denied on June 12, 2006. Undeterred, four days later Mr. Andrews appealed Judge Russell's ruling and filed a third federal lawsuit in the Western District of Oklahoma, CIV-06-652. This third suit listed more than 80 defendants, including all of the then-sitting judges of the Tenth Circuit Court

---

[2] A district court may dismiss a case *sua sponte* under Federal Rule Civil Procedure 12(b) "when it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *McKinney v. State of Okla., Dept. of Human Servs., Shawnee OK*, 925 F.2d 363, 365 (10th Cir. 1991) (citing *Baker v. Dir., U. S. Parole Comm'n*, 916 F.2d 725, 727 (D.C. Cir. 1990); *Huxall v. First State Bank*, 842 F.2d 249, 249 n.2 (10th Cir. 1988)).

of Appeals, all of the judges and magistrates in the Western District of Oklahoma, a great many members of judicial staff, together with several private attorneys.[3]

Similar to his first two complaints, Mr. Andrews's third complaint alleged a vague yet vast criminal conspiracy. Given that every local judge was named as a defendant, the case was assigned to Judge William F. Downes, a federal judge from the District of Wyoming. Judge Downes dismissed all of Mr. Andrews's remaining claims because, the court held, Mr. Andrews was (again) impermissibly attempting to enforce criminal statutes through a private civil action.[4] In addition, Judge Downes established procedures for Mr. Andrews to obtain

---

[3] As part of his second lawsuit, Mr. Andrews also filed three separate motions to strike and two motions to recuse or disqualify in June 2006, two motions to strike in July 2006, one motion to strike in August 2006, one motion to strike in September 2006, and a motion to "Demand this Court Read All Pleadings Plaintiff Files With This Court, and Adhere Only to Constitutionally Compliant Law and Case Law, and More Particularly, The Bill of Rights in its Rulings" in September 2006.

[4] Judge Downes was also asked to sit by designation to preside over the remainder of Mr. Andrews's second lawsuit. Although Judge Russell had already effectively dismissed Mr. Andrews's second complaint, judgment had not yet been entered in the second lawsuit, presumably because the 20-day period to file an amended complaint had been tolled while the district court considered Mr. Andrews's motion to vacate. Judge Downes proceeded to consolidate the two cases and then dismissed the consolidated lawsuit. This sequence of events creates some confusion in the record because Judge Downes's order in the consolidated case technically appears to "redismiss" the already dismissed second complaint. There are at least two plausible explanations for this apparent discrepancy. First, Judge Downes treated the third complaint as if it were the amended complaint Judge Russell had ordered to be filed, or, more likely, Judge Downes's order simply addressed the only claims remaining in the consolidated lawsuit, *i.e.*, the claims contained in the third complaint. None of this, however, is material to our decision.

permission from the court before initiating any additional *pro se* lawsuits in the Western District of Oklahoma. Finally, Judge Downes cautioned Mr. Andrews about bringing another round of frivolous appeals to this court.[5] Mr. Andrews, however, promptly appealed.

All told, Mr. Andrews has brought a total of five appeals in three federal lawsuits, three of which relate to his second and third lawsuits at issue here. Although it is often difficult to discern from his pleadings, Mr. Andrews appears, at the very least, to contest before us Judge Russell's dismissal of his second complaint; Judge Downes's order dismissing the third complaint; and our orders of August 7, 2006, and August 18, 2006, abating Mr. Andrews's appeals of Judge Russell's and Judge Downes's dismissal orders while his motion to reconsider Judge Downes's dismissal order was pending in the district court. In addition to his appeals on the merits of these rulings, Mr. Andrews has also lodged two motions seeking to institute "a tribunal of special masters who are not now, nor have they ever been federal circuit judges or members of any bar" to hear his

---

[5] Although it is difficult to discern from his filings, in just over a month between the initiation of his third lawsuit and Judge Downes's orders consolidating and dismissing that case, Mr. Andrews appears to have filed approximately five motions for summary judgment, three motions to strike, two motions for default judgment, three motions to recuse or disqualify, and one objection to an entry of appearance. Subsequently, in the almost two months between Mr. Andrews's filing of the motion to reconsider Judge Downes's order and Judge Downes's denial of that order, Mr. Andrews filed an additional eight self-styled motions and objections in that case.

cases.  Beyond even this, Mr. Andrews has submitted to us two sets of objections to our orders abating his appeals while the district court resolved his motion to reconsider; three motions for default judgment; a motion to strike a defense motion; and two motions to strike the various Appellees's Opening Briefs because defense counsel of record, who include an Assistant United States Attorney, three Oklahoma Assistant Attorney Generals, and an Assistant General Counsel of DHS (the latter four attorneys are also named defendants in this matter), are allegedly improper "interlopers" in this matter without authority to represent the defendants.

## II

We read *pro se* complaints more liberally than those composed by lawyers and dismiss them only when it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Haines v. Kerner*, 404 U.S. 519, 521 (1972) (internal quotation omitted).  As extensively elaborated by the district court judges who have addressed Mr. Andrews's lawsuits, his federal claims are without merit and were properly dismissed in accord with this steep standard.

First, dismissal of the claims against the judicial defendants was proper because it is well established that "[a]bsolute immunity bars suits for money damages for acts made in the exercise of prosecutorial or judicial discretion." *Guttman v. Khalsa*, 446 F.3d 1027, 1033 (10th Cir. 2006) (citing *Mireles v. Waco*,

502 U.S. 9, 13 (1991)). Given that Mr. Andrews alleges the judicial defendants engaged in unconstitutional conduct only while presiding over his civil lawsuits, these defendants "were performing judicial acts and were therefore clothed with absolute judicial immunity." *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994); *see also Lundahl v. Zimmer*, 296 F.3d 936, 939 (10th Cir. 2002) (extending judicial immunity to "any judicial officer who acts to either [(1)] resolve disputes between parties or [(2)] authoritatively adjudicate private rights." (internal quote and alterations omitted)).

Second, even reading Mr. Andrews's second federal complaint as generously as possible, dismissal of Mr. Andrews's second complaint was proper because his vague and conclusory allegations of fraud failed to come anywhere near satisfying the specificity requirements of Federal Rule Civil Procedure 9(b). *See Cayman Exploration Corp. v. United Gas Pipe Line Co.*, 873 F.2d 1357, 1362 (10th Cir. 1989) (holding that Rule 9(b) requires that RICO predicate acts based on fraud must be pled with specificity to provide clear notice of the factual basis of the predicate acts to defendants). Judge Russell expressly noted this pleading deficiency for Mr. Andrews and invited him to file an amended complaint with the requisite RICO case statement and greater specificity, something Mr. Andrews declined to do.

Third, Mr. Andrews's second complaint fails to include any allegations regarding any acts by the unnamed John and Jane Doe defendants, and, therefore, dismissal of these defendants was proper.

Finally, dismissal of Mr. Andrews's claims in his second and third complaints alleging violations of 18 U.S.C. §§ 241, 371, 1001, 1341, and 1503, and 26 U.S.C. § 7214(a)(1), (2), (7), and (8), was proper because these are criminal statutes that do not provide for a private right of action and are thus not enforceable through a civil action. *See United States v. Claflin*, 97 U.S. 546, 547 (1878) ("That act contemplated a criminal proceeding, and not a civil action . . . . It is obvious, therefore, that its provisions cannot be enforced by any civil action . . . ."); *Schmeling v. NORDAM*, 97 F.3d 1336, 1344 (10th Cir. 1996) ("[W]e find no evidence that Congress intended to create the right of action asserted by Schmeling, and we conclude that such a right does not exist.").[6]

Accordingly, we affirm the district court's dismissals of Mr. Andrews's lawsuits.[7]

------

[6] To the extent that Mr. Andrews asserts a *qui tam* action in his third complaint, this claim also is meritless because *qui tam* actions cover "'fraudulent attempts to cause the *Government to pay out* sums of money.'" *United States ex rel. Bahrani v. Conagra, Inc.*, 465 F.3d 1189, 1194 (10th Cir. 2006) (emphasis added) (quoting *United States v. Neifert-White Co.*, 390 U.S. 228, 232-33 (1968)). By contrast, Mr. Andrews alleges only that the defendants have improperly deprived *him* of sums in excess of one million dollars.

[7] We have reviewed as well the many and various motions filed by Mr. Andrews in connection with his pending appeals and find them equally without

(continued...)

III

Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions in appropriate circumstances. *See Sieverding v. Colo. Bar Ass'n.*, 469 F.3d 1340, 1343 (10th Cir. 2006); *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989). Specifically, injunctions restricting further filings are appropriate where the litigant's lengthy and abusive history is set forth; the court provides guidelines as to what the litigant may do to obtain its permission to file an action; and the litigant receives notice and an opportunity to oppose the court's order before it is implemented. *See Tripati*, 878 F.2d at 353-54.

As part of his order dismissing Mr. Andrews's consolidated lawsuit, Judge Downes enjoined Mr. Andrews from filing any further lawsuits *pro se* in the Western District of Oklahoma without first obtaining permission of the Chief Judge; the order, by its terms, does not affect Mr. Andrews's right to pursue actions of any kind with the benefit of counsel. Still, although it is beyond cavil that Mr. Andrews has a history of vexatious *pro se* filings and the district court provided a mechanism by which Mr. Andrews may receive approval for future *pro se* filings, we are inclined to think the district court's order might be more narrowly tailored, at least in the first instance. Mr. Andrews's abusive *pro se*

---

[7](...continued)
merit.

-13-

filing history is limited to pleadings filed in relation to state, and then federal, court proceedings regarding the care and custody of his child(ren), and against state and federal government officials and private attorneys related to these matters. This history does not (at least as yet) suggest that Mr. Andrews is likely to abuse the legal process in connection with other persons and subject matters and thus does not support restricting Mr. Andrews's access to the courts in *all* future *pro se* proceedings pertaining to *any* subject matter and *any* defendant. *See, e.g.*, *Sieverding*, 469 F.3d at 1345 ("[T]here is no apparent basis for extending [a similar advance review of *pro se* filings] restriction to include any subject matter and any party [because] Ms. Sieverding has not filed litigation against random persons or entities."). The filing restrictions imposed on Mr. Andrews by the district court are therefore modified to cover only filings in these or future matters related to the subject matter of Mr. Andrews's three federal lawsuits. *See id.* (approving of similar restrictions as a first response to abusive filings); *see also generally Van Sickle v. Holloway*, 791 F.2d 1431, 1437 (10th Cir. 1986) (prohibiting the filing of complaints that "contain the same or similar allegations as those set forth in his complaint in the case at bar"); *Shuffman v. Hartford Textile Corp. (In re Hartford Textile Corp.)*, 681 F.2d 895, 897-98 (2d Cir. 1982) (barring further pleadings in that case or in future litigation with regard to the same claims or subject matter); *Judd v. Univ. of N.M.*, 149 F.3d 1190, 1998 WL 314315, at * 5 (10th Cir. June 2, 1998) (unpub.) ("[T]his court

will not accept any further appeals or original proceedings relating to the parties and subject matter of this case filed by appellant.").[8]

In addition to the district court's filing restrictions we modify and approve, we believe that parallel filing restrictions in this court are warranted.[9] Mr. Andrews has abused the appellate process in a manner similar to his abuse of the district court's offices – filing five frivolous appeals in three separate cases, all involving essentially the same claims, along with a raft of equally meritless motions and objections. *See supra* at 9-10. Accordingly, subject to Rule 35 of the Federal Rules of Appellate Procedure and Tenth Circuit Rule 35.1, we will not accept any further *pro se* filings from Mr. Andrews related to Western District of Oklahoma case Nos. CIV-05-110, CIV-06-510, or CIV-06-652; the Clerk of this court shall return any such filings, unfiled, to Mr. Andrews. Additionally, this court will not accept any further *pro se* appeals or original proceedings filed by Mr. Andrews related to the subject matter of these cases. Mr. Andrews shall have

---

[8] In reaching our conclusion on this score we, of course, do not hold, or remotely mean to suggest, that broader *pro se* filing restrictions can *never* be justified even as an initial matter.

[9] The district court's order requiring advance review of *pro se* filings suggests, at one point, that it applies to proposed *appeals*. Dist. Ct. Order of July 26, 2006, at 9. The order elsewhere clarifies, however, that it pertains only to filings in the Western District of Oklahoma. *Id.* at 9, 11. In any event, it is settled in this circuit that "[i]t is unreasonable for [a district court] to attempt to limit access to this court or any other court of appeals. We are capable of deciding if filing restrictions are appropriate in this court." *Sieverding*, 469 F.3d at 1344.

ten days from the date of this order to file written objections, limited to 15 pages, to these proposed sanctions. *See Werner v. Utah*, 32 F.3d 1446, 1449 (10th Cir. 1994); *Judd*, 1998 WL 314315, *5; *In re Hartford Textile Corp.*, 681 F.2d at 89. If Mr. Andrews does not file an objection, the sanctions shall take effect 20 days from the date of this order. If Mr. Andrews does file timely objections, these sanctions shall not take effect until after this court has ruled on his objections; the filing restrictions shall apply to any matter filed after that time.[10]

\* \* \*

The judgment of the United States District Court for the Western District of Oklahoma is affirmed, with the exception of that portion of the order placing filing restrictions on Mr. Andrews; those restrictions are modified to cover *pro se* filings in or related to the subject matter of Western District of Oklahoma case Nos. CIV-05-110, CIV-06-510, or CIV-06-652. Mr. Andrews is further enjoined from additional *pro se* filings in this court in connection with Western District of Oklahoma case Nos. CIV-05-110, CIV-06-510, or CIV-06-652, or any further *pro se* appeals related to the subject matter of these three cases, except as noted herein. *So ordered.*

---

[10] This court has the power to impose still further sanctions such as costs, attorney fees, and double costs for the filing of frivolous appeals, as well as an outright ban on certain appeals, whether *pro se* or counseled. *See* Fed. R. App. P. 38; *Van Sickle*, 791 F.2d at 1437. Although we have not chosen to impose such sanctions here, we may do so if Mr. Andrews's abusive filings continue.