**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 5, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOHN PAUL RING,

      Petitioner-Appellant,

v.

ROBERT ULIBARRI, Warden,

      Respondent-Appellee.

No. 06-2363
(D.C. No. CV-06-545 MCA/LFG)
(D.N.M.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

Before **BRISCOE**, **EBEL**, and **MCCONNELL**, Circuit Judges.

Petitioner-Appellant John Paul Ring seeks a certificate of appealability ("COA") from this court to appeal the dismissal of his petition for habeas corpus pursuant to 28 U.S.C. § 2254. Because we conclude he raises no claims that are exhausted, not procedurally defaulted, and about which reasonable jurists could disagree, we DENY his request for a COA.

Ring was convicted in New Mexico state court of first degree murder, conspiracy to commit murder, and tampering with evidence. He was sentenced to a term of life imprisonment. Following the affirmance of his conviction by the New Mexico Supreme Court on direct appeal, Ring filed a petition for writ of habeas corpus, which the state court denied following an evidentiary hearing.

Ring again sought review by the New Mexico Supreme Court, but his petition for writ of certiorari was denied. Ring then filed a petition for federal habeas corpus relief under 28 U.S.C. § 2254 in the District of New Mexico. Adopting an exhaustive report on Ring's petition by a magistrate judge, the district court dismissed the petition. The district court further denied Ring's request for a COA; the instant appeal and request for a COA from this court followed.[1]

Although Ring's initial § 2254 petition raised a number of issues including access to the courts, prosecutorial misconduct, and ineffective assistance of counsel, both his appeal of the district court's ruling below and his request for a COA are limited to two issues: first, whether the closure of the law library at the prison in which Ring was incarcerated during his state-court post-conviction proceedings impermissibly abridged Ring's constitutional right to meaningful access to the courts and consequently constituted cause for his failure to exhaust, or his procedural default of, several of his claims raised below;[2] and, second,

---

[1]Section 2253(c) of Title 28 of the United States Code governs appeals in federal habeas corpus proceedings. It provides, in relevant part, that "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court." 28 U.S.C. § 2253(c)(1)(A). Further, "[a] certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right," and it must "indicate which specific issue or issues satisfy th[is] showing." Id. § 2253(c)(2), (3).

[2]Ring proceeds pro se, and we therefore construe his filings liberally. See Andrews v. Heaton, 483 F.3d 1070, 1076 (10th Cir. 2007). Accordingly, it might

(continued...)

whether the district court below incorrectly concluded, on the merits, that the state habeas court's determination — that the failure of Ring's trial counsel to interview or call as a witness Judy Rhodes, Ring's mother and co-conspirator and the wife of the murder victim, did not constitute ineffective assistance of counsel — was not contrary to, nor an unreasonable application of, clearly established federal law and was not an unreasonable determination of the facts in light of the evidence presented, see 28 U.S.C. § 2254(d). We address each issue briefly to determine whether a COA should issue.

As to Ring's first argument, that closure of his prison's law library prevented him from accessing the courts and thus constitutes cause excusing his procedural default of other substantive claims regarding his conviction, we may not issue a COA unless "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and . . . jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Such is not the case here.

_____

[2](...continued)
be that Ring's first claim successfully preserved those underlying, unexhausted or procedurally defaulted claims he seeks to resuscitate via his access-to-the-courts claim. However, in light of our disposition of this first claim, we need not reach the question how to construe Ring's grounds for appeal nor consider the potential for legal merit of these underlying claims in determining whether a COA should issue.

Ring has failed to make a showing, either before the district court or in his request for a COA before this court, supporting his allegation that he was prevented from accessing the courts. He has vigorously pursued collateral relief from his conviction, both in state and federal courts, despite the alleged impediments posed by the closure of the law library. Indeed, many of his defaulted claims are barred, not because he failed to litigate them at all, but because of Ring's administrative oversight in failing to include them in the petition for certiorari in his state habeas proceedings. The remaining unexhausted and defaulted claims are likewise barred not because of an abstruse legal requirement of which Ring could fairly claim to have been unaware, but rather because he failed completely to raise them in his state habeas corpus petition. Accordingly, we do not conclude that reasonable jurists "would find it debatable whether the district court was correct in its procedural ruling," Slack, 529 U.S. at 484, that Ring failed to show any injury from the law library's closure and, thus, failed to demonstrate cause sufficient to surmount the procedural bars to his several claims.

Turning to Ring's second argument, we note that, because the district court "rejected the constitutional claims on the merits," Ring need only "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" in order to justify issuance of a COA. Id. We lack statutory authority to grant a writ of habeas corpus

with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

18 U.S.C. § 2254(d). Ring's claim that his counsel was constitutionally ineffective under the standards of Strickland v. Washington, 466 U.S. 668 (1984), based upon the failure to investigate or call Judy Rhodes as a witness falls under this heading, as it was presented and properly exhausted in Ring's state habeas proceedings. Our review, therefore, is limited to a determination whether reasonable jurists would find debatable the district court's determination that the state court decision did not violate the exceedingly deferential standards of § 2254(d).

The Supreme Court has set forth a two-prong test to show ineffective assistance of counsel. First, the counsel's performance must be shown to be constitutionally deficient; second, the deficient performance must have prejudiced the defense to such an extent as to deprive the defendant of a fair trial with a reliable result. Strickland, 466 U.S. at 687. When considering Ring's instant ineffective assistance claim, the state habeas court addressed the Strickland standards at length and applied them to Ring's claim. The state court made factual findings that Judy Rhodes had passed a polygraph test about the murder of her husband, that she did not testify at Ring's trial, that she had not been charged

with any involvement in the murder until the day before Ring's trial began, and that she subsequently pled no contest to related conspiracy charges. It also found, however, that Ring's counsel was well-prepared for trial. We presume the correctness of these findings of fact, and Ring has not made the requisite showing by clear and convincing evidence necessary to rebut this presumption. 28 U.S.C. § 2254(e)(1). Although the state court did not directly address Ring's allegations of ineffective assistance in light of this factual context, it nonetheless held that Ring's trial counsel had provided reasonably effective representation and that any errors that may have been committed would not have changed the outcome of the trial. In light of the state court's application of Strickland, it is clear that its denial of Ring's ineffective assistance claim was not "contrary to, or . . . an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1). Nor was the state court's application of Strickland to Ring's case "an unreasonable determination of the facts in light of the evidence presented." Id. § 2254(d)(2). Therefore, we conclude that reasonable jurists would not disagree with either of these conclusions. See Slack, 529 U.S. at 484.

\* \* \*

The district court resolved against Ring both of the issues presented in this appeal and request for a COA. Because we conclude its resolution of neither

issue to be debatable among reasonable jurists, we DENY the application for a certificate of appealability pursuant to 28 U.S.C. § 2253(c).

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge