**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 21, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

GREG ANDERSON,

        Plaintiff-Appellant,

v.

KATE A. TOOMEY; T. RICHARD
DAVIS; THOMAS B. PRICE; GARY
R. HOWE; NATHAN SCHARTON;
THE LAW FIRM OF CALLISTER,
NEBEKER & MCCULLOUGH,

        Defendants-Appellees.

No. 08-4221
(D.C. No. 2:07-CV-00673-TS)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **BALDOCK**, and **HOLMES**, Circuit Judges.

Plaintiff Greg Anderson, appearing pro se, appeals from the district court's

order dismissing his lawsuit. We have jurisdiction under 28 U.S.C. § 1291 and

we affirm.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Anderson received a sheriff's deed to a secured piece of real estate in Salt Lake City, Utah, from a judgment debtor, who in turn had obtained his interest in the property through a series of secured conveyances. When the original owner of the property died, defendant T. Richard Davis, a Utah attorney, was appointed trustee to secure the unfulfilled obligations to the original owner. To that end, he filed a notice of default and commenced foreclosure proceedings.

Thereafter, Messrs. Anderson and Davis engaged in correspondence in which they debated the lawfulness of the proposed foreclosure. Shortly before the trustee's sale, Mr. Anderson filed a lis pendens on the property and commenced a state-court lawsuit against Mr. Davis in which he claimed the foreclosure action was time barred, and also asserted claims for filing a wrongful lien, slander of title, and constructive fraud.

The state-court judge, Kate A. Toomey, entered summary judgment in favor of Mr. Davis on all the claims. Several weeks later, Mr. Anderson filed suit in federal district court in which he named Judge Toomey, Mr. Davis, his law firm, and several of its lawyers as defendants (the Callister defendants). His complaint contained claims for (1) denial of his constitutional rights; (2) malicious prosecution; (3) abuse of process; (4) bad faith; and (5) removal of his state-court lawsuit to federal court. He also asked the district court to certify the legal questions resolved in his state-court lawsuit to the Utah Supreme Court. In the

meantime, Mr. Anderson lost his appeal of Judge Toomey's decision in the Utah Court of Appeals and the Utah Supreme Court denied review.

The district court entered on November 4, 2008, its Memorandum Decision and Order Denying Motion For Declaratory Judgment and Granting Motion to Dismiss and Motion For Summary Judgment. The detailed and considered decision addressed each of Mr. Anderson's claims, and resolved the case against him. Mindful of the solicitous construction to be afforded Mr. Anderson's pro se filings, *Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007), we affirm for substantially the same reasons expressed by the district court.

Although there are many grounds on which to affirm the district court's decision, we address but few. As to Judge Toomey, she has absolute judicial immunity for "acts made in the exercise of . . . judicial discretion." *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007) (quotation omitted).

The claims against the Callister defendants likewise lack merit. First, Mr. Anderson failed to provide any evidence in response to the motion for summary judgment that the Callister defendants were state actors for purposes of asserting a claim for violation of his constitutional rights under 42 U.S.C. § 1983. *See Beedle v. Wilson*, 422 F.3d 1059, 1073 (10th Cir. 2005) (holding "[t]he conduct of an attorney acting in his professional capacity while representing his client does not constitute action under color of state law for the purposes of § 1983." (quotation omitted)). Further, "when a plaintiff attempts to assert the

state action required for a § 1983 action against private actors based on a conspiracy with government actors, mere conclusory allegations with no supporting factual averments are insufficient." *Id*. (quotation omitted).

Next, the purported claims for malicious prosecution, abuse of process, bad faith, and removal also fail. "[A]buse of process is a narrow tort applying only to one who uses a legal process against another primarily to accomplish a purpose for which it is not designed." *Ashley Creek Phosphate Co. v. Chevron USA, Inc.*, 315 F.3d 1245, 1265 (10th Cir. 2003) (applying Utah law) (quotation omitted). Defending a lawsuit does not constitute misuse of the legal process. And among other things, a claim for malicious prosecution (wrongful use of civil proceedings) requires "the *procurement, initiation, or continuation* of civil proceedings[.]" *Id*. The Callister defendants did not sue Mr. Anderson in state court – he sued them. Nor has Mr. Anderson provided any support for the notion that Utah recognizes a claim for bad faith under these facts. Last, there were no grounds on which Mr. Anderson could remove his previously litigated state-court lawsuit to federal court. *See* 28 U.S.C. § 1446 concerning removal.

The judgment of the district court is AFFIRMED. The motion to certify a question of state law to the Utah Supreme Court is DENIED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge