**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 9, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

PATRICIA MARTINEZ,

      Plaintiff - Appellant,

v.

MICHAEL MARTINEZ; PAUL
WEIST; CATHY WEIST; JEAN
SMITH; OTHERS YET UNNAMED,
Individually, Jointly and Severally,

      Defendants - Appellees.

No. 13-2042
(D.C. No. 1:12-CV-01185-LH-WDS)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **KELLY, HOLMES,** and **MATHESON,** Circuit Judges.[**]

Patricia Martinez, appearing pro se, appeals from three district court orders

dismissing her case, imposing filing restrictions, and striking documents. Ms.

Martinez alleges breach of fiduciary duties, fraud, unjust enrichment, and

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the appellant's brief and the appellate record, this three-
judge panel has determined unanimously that oral argument would not be of
material assistance in the determination of this appeal. See Fed. R. App. P. 34(a);
10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral
argument.

negligent misrepresentation against Defendants Michael Martinez (her ex-husband), Paul and Cathy Weist, and Jean Smith, all arising from the Martinezes' divorce proceedings. The district court dismissed the case because Ms. Martinez had previously filed two similar actions against the same parties in the same court. See Martinez v. Martinez, No. 09-281; Martinez v. Martinez, No. 01-036. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm for substantially the reasons given by the district court.

The parties are familiar with the facts, and we need not repeat them here. The district court dismissed Ms. Martinez's case, finding "she has already brought claims against [Defendants], based upon the same set of facts, in a pending case." I R. 42. We review this decision for abuse of discretion. Katz v. Gerardi, 655 F.3d 1212, 1217 (10th Cir. 2011). Our review of Ms. Martinez's appellate brief and the record in this case convinces us that the court did not abuse its discretion because her complaint raises the same issues previously raised against the same parties. See id. at 1219. Moreover, like the district court, we are unpersuaded that the recent discovery of Mr. Martinez's 1997 tax return warrants further litigation. See Aplt. Br. 20; I R. 41–42.

The district court also was correct to impose filing restrictions. The court took judicial notice that Ms. Martinez "has repeatedly and relentlessly abused the judicial process," and ordered Ms. Martinez to show cause as to why restrictions should not be imposed. I R. 43–44. Unpersuaded by her response, the court

appropriately imposed filing restrictions.  See Andrews v. Heaton, 483 F.3d 1070, 1077 (10th Cir. 2007); I R. 127–30.

Finally, the district court did not abuse its discretion in striking documents. In its dismissal order, the court ordered that Ms. Martinez "shall not file a motion to reconsider."  I R. 44.  Nonetheless, Ms. Martinez submitted a Motion to Vacate Judgment, which asked the court to reconsider its decision, and a Motion for Final Judgment.  Id. at 132–33, 135–61.  Although we are critical of court orders that purport to eliminate the right to reconsideration, see In re Otasco, Inc., 981 F.2d 1166, 1167 (10th Cir. 1992), we approve of such an order in this case where Ms. Martinez was an abusive filer, had previously raised similar claims, and had come before this court many times.  See, e.g., I R. 84–86, 193–94, 283–98.  Therefore, the court did not err in striking the documents filed in violation of its order.

AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge