CLD-332                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1612
_____

TERRANCE KORAHN DAVIS,
Appellant

v.

FAMILY COURT OF PHILADELPHIA, Domestic Relations Division
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-14-cv-06840)
District Judge:  Honorable Petrese B. Tucker

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 11, 2015
Before:  FUENTES, GREENAWAY, JR. and VANASKIE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 9, 2015)
_____

OPINION*
_____

PER CURIAM

Pro se appellant Terrance Davis appeals the District Court's orders denying his

request for entry of default, denying his motion to recuse, and granting the defendant's

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

motion to dismiss his complaint. The defendant — the Family Division of the Philadelphia County Court of Common Pleas ("the Family Division") — has filed a motion to summarily affirm the District Court's judgment. For the reasons set forth below, we will grant that motion and summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

In his complaint, Davis alleged that, in August 2009, he was ordered to pay child support for the maintenance of his daughter. That order was temporarily suspended in 2012 due to Davis's leave of absence from work, but was then reinstated in 2014. Davis claimed that the Family Division has violated his due process rights throughout these proceedings, including by entering orders without his agreement, failing to properly serve him, and not adhering to the technical requirements for filing orders. He alleged that his constitutional rights were violated and sought $60 million in damages.

Shortly after Davis filed his complaint, he sought an entry of default against the Family Division on the ground that it had not yet filed a responsive pleading. The District Court denied that motion. Davis then sought the recusal of the District Judge, which was also denied. The Family Division filed a motion to dismiss the complaint under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. The District Court granted that motion and dismissed the complaint. Davis filed a timely notice of appeal to this Court, and the Family Division has asked us to summarily affirm the District Court's judgment.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion the District Court's denial of both Davis's motion for entry of default, see Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000); Speiser, Krause & Madole P.C. v. Ortiz, 271 F.3d 884, 886 (9th Cir. 2001), and his motion to recuse the District Judge, see In re Kensington Int'l, Ltd., 368 F.3d 289, 300-01 (3d Cir. 2004), and we exercise plenary review over the District Court's order dismissing Davis's complaint, see Free Speech Coal., Inc. v. Att'y Gen., 677 F.3d 519, 529-30 (3d Cir. 2012).

The District Court did not err in denying Davis's request for entry of default. The Court may enter default only against a party who has been properly served. See United States v. One Toshiba Color Television, 213 F.3d 147, 156 (3d Cir. 2000); see also 10A Charles Alan Wright, et al., Federal Practice and Procedure § 2682 (3d ed. 2008). Before Davis sought entry of default, he had personally delivered a copy of the complaint to the Family Division but, because he is a party in the case, this did not qualify as proper service. See Fed. R. Civ. P. 4(c)(2); Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007). Accordingly, the District Court did not err in denying Davis's motion.

Davis's challenge to the District Court's denial of his recusal motion fares no better. Davis argued that the District Judge, Judge Tucker, was required to recuse herself because her husband is a judge sitting on the Philadelphia Court of Common Pleas. We are satisfied that recusal was not necessary here. See generally 28 U.S.C. § 455. The District Judge's husband was not named as a party in this action, he is a member of a different division of the Court of Common Pleas (and thus had no personal involvement

3

in Davis's child-support proceedings), and a judgment against the Family Division could not have affected him. See generally Liteky v. United States, 510 U.S. 540, 548 (1994); see also Taylor v. Vt. Dep't of Educ., 313 F.3d 768, 795 (2d Cir. 2002). Moreover, given the clear legal bar to Davis's suit discussed below, any failure to recuse cannot have affected the outcome here. See United States v. Vespe, 868 F.2d 1328, 1342 (3d Cir. 1989); Higganbotham v. Okla. ex rel. Okla. Transp. Comm'n, 328 F.3d 638, 645-46 (10th Cir. 2003).

Finally, the District Court correctly held that the Family Division, as a part of the Commonwealth's judicial system, is entitled to immunity under the Eleventh Amendment. See, e.g., Benn v. First Judicial Dist. of Pa., 426 F.3d 233, 241 (3d Cir. 2005).[1] While states can waive their Eleventh Amendment immunity, see Koslow v. Pennsylvania, 302 F.3d 161, 168 (3d Cir. 2002), Pennsylvania has not done so, see 42 Pa. Cons. Stat. § 8521(b). Further, although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983, the federal law under which Davis proceeds.[2] See Quern v. Jordan, 440 U.S. 332, 345 (1979). Thus, the District Court correctly dismissed Davis's complaint.[3]

---

[1] Davis contends that the Eleventh Amendment should not apply because the District Court is a territorial court, not an Article III Court, but that is not accurate. See, e.g., Nguyen v. United States, 539 U.S. 69, 76 (2003).

[2] In Davis's complaint and opposition to the Family Division's motion to dismiss, he cited other statutes, but those statutes are plainly not applicable here. That is, 18 U.S.C. § 1001 is a criminal statute and does not create a private cause of action, see Andrews v. Heaton, 483 F.3d 1070, 1076 (10th Cir. 2007); Davis made no allegation that the Family

4

Accordingly, we will grant the Family Division's motion and summarily affirm the District Court's judgment.

---

Division presented a fraudulent claim to the federal government, as 31 U.S.C. § 3729 requires, or made a false statement for the purpose of obtaining benefits under the Longshore and Harbor Workers' Compensation Act, as 33 U.S.C. § 931 requires; and 26 U.S.C. § 414 prescribes the Internal Revenue Code's requirements for a Qualified Domestic Relations Order (QDRO), and Davis has not suggested that a QDRO is somehow at issue here. Thus, any claims based on those statutes were properly dismissed.

[3] Given the legal failings of Davis's complaint, we are satisfied that amendment to the complaint would be futile, and therefore conclude that the District Court properly dismissed the complaint without providing leave to amend. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

5