**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 6, 2015[*]
Decided November 12, 2015

**Before**

WILLIAM J. BAUER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 15-2112

| | |
|---|---|
| ALFRED O. McGEE, JR., | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of |
| | Illinois, Eastern Division. |
| *v.* | |
| | No. 14 C 5989 |
| NISSAN MOTOR ACCEPTANCE | |
| CORPORATION, | **Robert W. Gettleman**, |
| *Defendant-Appellee*. | *Judge*. |

## O R D E R

Alfred McGee defaulted on his car loan. In a complaint bearing hallmarks of the "sovereign citizen" movement, see *El v. AmeriCredit Fin. Services, Inc.*, 710 F.3d 748, 750 (7th Cir. 2013); *Bryant v. Washington Mutual Bank*, 524 F. Supp. 2d 753, 758–60 (W.D. Va. 2007), McGee sued the lender, Nissan Motor Acceptance Corporation, because it would not honor a "bill of exchange" that, McGee said, made the United States

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. See Fed. R. App. P. 34(a)(2)(C).

Treasury responsible for his debt. Nissan counterclaimed for the loan balance and possession of the car. The district court granted Nissan judgment on the pleadings, and McGee appealed. We affirm in all respects the judgment in favor of Nissan.

McGee's complaint theorizes that, under the Uniform Commercial Code as adopted in Illinois, Nissan's refusal to recognize his bill of exchange operated as a discharge of the $13,009 debt. The complaint also alleges that Nissan's silence about the bill of exchange in the company's correspondence with him violated two criminal statutes, 18 U.S.C. § 241 (conspiracy against rights) and § 1341 (mail fraud). Nissan countered that McGee had breached the loan contract and also engaged in a deceptive practice by writing a bad check, see 720 ILCS 5/17-1(B), (E). The lender demanded the car and damages. In granting judgment for Nissan, the district court reasoned that McGee's bill of exchange mimics those consistently rejected by other courts as worthless. The court awarded Nissan title to the car and $18,553, which includes costs and attorney fees.

McGee's claims are frivolous. He does not state claims under § 241 or § 1341; both provisions are federal criminal statutes that do not provide a private right of action. See *Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) (discussing reluctance to infer private right of action from criminal prohibitions); *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007) (concluding that § 241 does not provide private right of action); *Wisdom v. First Midwest Bank*, 167 F.3d 402, 408 (8th Cir. 1999) (same for § 1341). McGee does not explicitly challenge the award on Nissan's counterclaims, and we agree with the district court that McGee's only defense to those counterclaims—that Nissan's refusal to recognize his bill of exchange operated as a discharge—is likewise frivolous.

Accordingly, the district court's judgment is AFFIRMED.