**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1005
_____

JASON L. BROWN,
                               Appellant

v.

PROGRESSIVE SPECIALTY INSURANCE COMPANY;
MICHAEL J. DOUGHERTY, (Attorney)
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-17-cv-05409)

District Judge:  Honorable Juan R. Sánchez
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 26, 2018

Before: GREENAWAY, JR., BIBAS and ROTH, Circuit Judges

(Opinion filed March 29, 2019)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se Appellant Jason Brown appeals from the dismissal of his complaint for lack of subject matter jurisdiction pursuant to Fed. Rule Civ. P. 12(h)(3). For the following reasons, we will affirm the judgment.

In September 2017, appellee Matthew Dougherty filed a statement of claim against Brown in Philadelphia Municipal Court on behalf of Progressive Specialty Insurance Company ("Progressive"). The statement alleged that Brown was operating a motor vehicle that "negligently and/or carelessly" collided with one of Progressive's insured vehicles. Progressive sought a money judgment of $4,467.46, the amount it had paid to its insured as a result of the damages from the accident.

While that claim was pending, Brown filed a complaint in the District Court for the Eastern District of Pennsylvania against Progressive and Dougherty, alleging that the state action was frivolous and fraudulent, and asserting state law claims for invasion of privacy, slander, libel, and fraud. Brown sought $500,000 in damages and an order directing the Philadelphia Municipal Court to dismiss the claim. As a basis for his action, he asserted diversity of citizenship, and listed two criminal statutes, 18 U.S.C. §§ 1016 ("Acknowledgment of appearance or oath") & 1341 ("Frauds and swindles")[1], as well as the First, Fourth, Fifth, Eighth, and Thirteenth Amendments to the U.S. Constitution. The District Court determined that it lacked jurisdiction, and dismissed the complaint

---

[1] Within the body of the complaint, Brown asserted a third criminal statute as a basis for jurisdiction, 18 U.S.C. § 1030 ("Fraud and related activity in connection with computers").

without prejudice to Brown seeking relief in state court on his state law claims. This appeal ensued.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise de novo review over the District Court's sua sponte dismissal of the complaint for lack of subject matter jurisdiction. See U.S. S.E.C. v. Infinity Grp. Co., 212 F.3d 180, 186 & n.6 (3d Cir. 2000).

We agree with the District Court that Brown failed to establish subject matter jurisdiction. For a federal court to exercise diversity jurisdiction over an action, the parties must be citizens of different states and the amount in controversy must exceed $75,000. See 28 U.S.C. § 1332(a)(1). The District Court determined that Brown and Dougherty "appear to be citizens of Pennsylvania," and that, therefore, the necessary complete diversity is lacking. See Mennen Co. v. Atl. Mut. Ins. Co., 147 F.3d 287, 290 (3d Cir. 1998) ("[J]urisdiction [under § 1332] is lacking if any plaintiff and any defendant are citizens of the same state."). We review a court's factual findings regarding citizenship for clear error. See Johnson v. SmithKline Beecham Corp., 724 F.3d 337, 345 (3d Cir. 2013). We find none here, particularly in light of Brown's failure to provide any argument or evidence − either in the District Court or on appeal − to undermine the District Court's finding. See id., (explaining that we may not reverse a factual finding where "the district court's account of the evidence is plausible in light of the record viewed in its entirety") (citation omitted); see also Packard v. Provident Nat'l. Bank, 994 F.2d 1039, 1045 (3d Cir. 1993) ("The person asserting jurisdiction bears the burden of

3

showing that the case is properly before the court at all stages of the litigation."). Accordingly, we concur with the District Court that the complaint does not establish diversity jurisdiction.

Federal courts also have subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331. As the District Court explained, federal question jurisdiction could not be premised on Brown's alleged violations of criminal statutes as they neither authorize civil actions nor create civil liabilities. See Andrews v. Heaton, 483 F.3d 1070, 1076 (10th Cir. 2007); Allen v. Gold Country Casino, 464 F.3d 1044, 1048 (9th Cir. 2006). And Brown's mere citation to various constitutional provisions cannot transform his state law claims into causes of action "arising under" the Constitution.[2] Moreover, the Supreme Court has repeatedly "insisted that the conduct allegedly causing the deprivation of a federal right be fairly attributable to the State." Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982); see 42 U.S.C. § 1983. We agree with the District Court that there is no basis in the complaint to suggest that the defendants, who are private actors, were acting "under color of state law," or that they violated Brown's constitutional rights. Jackson v. Temple Univ. of

---

[2] To the extent that the complaint can be read to allege independent constitutional violations, the District Court lacked subject matter jurisdiction as the claims are "so attenuated and unsubstantial as to be absolutely devoid of merit." Hagans v. Lavine, 415 U.S. 528, 536-37 (1974). Brown simply offered no viable factual or legal basis whatsoever for such claims.

4

Commw. Sys. of Higher Educ., 721 F.2d 931, 933 (3d Cir. 1983). Therefore, the District Court properly determined that it lacked federal question jurisdiction over the complaint.

Finally, we perceive no error in the District Court's determination that amendment of the complaint would have been futile, or its observation that Brown could litigate his state-law claims in state court. See Miklavic v. USAir, 21 F.3d 551, 557-58 (3d Cir. 1994); see also Figueroa v. Buccaneer Hotel Inc., 188 F.3d 172, 182 (3d Cir. 1999). (noting that a dismissal for lack of subject matter jurisdiction is necessarily without prejudice).

Based on the foregoing, we will affirm the District Court's judgment.