**BLD-086**                                                   **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1057
_____

ADAM I. MURSE,
                                    Appellant

v.

MARY L. MURSE
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 5-23-cv-03829)
District Judge:  Honorable Jeffrey L. Schmehl
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
March 14, 2024

Before:  BIBAS, MATEY, and CHUNG, <u>Circuit Judges</u>

(Opinion filed: March 25, 2024)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does
not constitute binding precedent.

**PER CURIAM**

Adam Murse, proceeding pro se, appeals from the District Court's sua sponte dismissal of his complaint with prejudice. We will summarily affirm.

Murse filed suit against his mother, Mary Murse, in relation to his role as his father's caregiver and to the ownership of the family home. Dkt. No. 2 at 2-3 & 60-64. He alleged numerous violations of, inter alia, his federal constitutional rights, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and multiple federal criminal statutes. Id. at 100-03. He sought monetary and injunctive relief. Id. at 104-08. The District Court screened the complaint pursuant to 28 U.S.C. § 1915 and dismissed it with prejudice as frivolous. Dkt. Nos. 7 & 8. Murse filed a timely notice of appeal. Dkt. No. 9.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the dismissal of the complaint. Dooley v. Wetzel, 957 F.3d 366, 373-74 (3d Cir. 2020). Upon review, we will affirm because no substantial question is presented on appeal. See 3d Cir. L.A.R. 27.4.

Murse's constitutional claims are brought pursuant to 42 U.S.C. § 1983, which requires a plaintiff to allege that the defendant acted under color of law in violating his constitutional rights. See Berg v. County of Allegheny, 219 F.3d 261, 268 (3d Cir. 2000) (per curiam). As the District Court explained, these claims were premised on Murse's mother's actions as a private person, including her choice to separate from his father and move out of the family home. Dkt. No. 2 at 13 & 47. There is no indication that she was acting under the color of state law when those events occurred, see Leshko v. Servis, 423 F.3d 337, 339-40 (3d Cir. 2005), so the District Court's dismissal of the claims was proper.

2

To bring claims under the FLSA, Murse was required to allege an "actionable employer-employee relationship," Thompson v. Real Estate Mortgage Network, 748 F.3d 142, 148 (3d Cir. 2014), wherein the employer exercises "significant control" over the employee, In re Enterprise Rent-A-Car Wage & Hour Emp. Pracs. Litig., 683 F.3d 462, 468-69 (3d Cir. 2012) (citation omitted). But Murse's allegations fail to demonstrate that his mother acts as his employer: she never hired or paid him to care for his father, no contract exists between them, she does not live in the home or otherwise monitor the caregiving, and Murse characterized his "staying at [his parents' home] . . . . to become a caregiver" when his mother left as an "honorable" and "sacrificing" decision reflective of his "moral ground." Dkt. No. 2 at 4, 67, 83-84; see Enterprise, 683 F.3d at 469 (outlining the non-exhaustive list of factors courts should consider when determining whether an employment relationship exists under the FLSA). Accordingly, because Murse failed to allege the requisite relationship, the District Court properly dismissed his FLSA claims.

Murse alleged that his mother violated his rights under numerous criminal statutes, but "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."[1] Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973); see also Andrews v. Heaton, 483 F.3d 1070, 1076 (10th Cir. 2007) (affirming dismissal of claims

---

[1] The Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq., which Murse cites, does provide for civil damages. Id. at § 1964(c). However, Murse's conclusive assertions about his mother's conduct fall short of alleging the requisite facts needed to state a plausible RICO claim. See id. at § 1961(1) & (5); In re Insurance Brokerage Antitrust Litig., 618 F.3d 300, 362-63 (3d Cir. 2010). He also cites the Trafficking Victims Protection Act, 18 U.S.C. § 1581 et seq., which provides a civil remedy, id. at § 1595, but Murse failed to allege any facts that his mother subjected him to forced labor, human trafficking, or the like.

3

alleging violation of criminal statutes, including 18 U.S.C. § 241, because "these are criminal statutes that do not provide for a private right of action and are thus not enforceable through a civil action"). Despite Murse's requests that it do so, Dkt. No. 2 at 104-07, the District Court properly concluded that it lacks authority to compel an investigation by a law enforcement agency.[2] Cf. Heckler v. Chaney, 470 U.S. 821, 831 (1985) (reasoning that "an agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion").

Lastly, the District Court did not abuse its discretion in concluding that amendment was futile.[3] See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir 2002).

Accordingly, we will affirm the judgment of the District Court.[4]

---

[2] Murse also alleged that his mother violated Federal Rules of Civil Procedure in failing to include him in a state action related to the sale of the family home, Dkt. No. 2 at 51-64 & 102, but those rules do not create a private cause of action.

[3] To the extent Murse brought claims under state law, the District Court acted within its discretion in declining to exercise supplemental jurisdiction over them. See 28 U.S.C. § 1367(c)(3); Figueroa v. Buccaneer Hotel Inc., 188 F.3d 172, 181 (3d Cir. 1999). Both Murse and his mother are citizens of Pennsylvania, Dkt. No. 2 at 2, so no independent basis for jurisdiction over his state law claims existed. See 28 U.S.C. § 1332(a).

[4] Murse's motion for appointment of counsel is denied. See Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993).

4