NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3767
_____

SAMSON B. SLEWION,
                                        Appellant

v.

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY
_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 10-cv-03887)
District Judge:  Honorable J. Curtis Joyner
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 2, 2010

Before:  RENDELL, CHAGARES and ALDISERT, Circuit Judges

(Opinion filed: December 7, 2010)
_____

OPINION OF THE COURT
_____

PER CURIAM

        Samson Slewion appeals the District Court's order dismissing his complaint as

frivolous.  For the reasons below, we will affirm the District Court's order.

        In his complaint filed in the District Court, Slewion alleged that he had been

injured, had filed a lawsuit, and had been awarded damages by an arbitrator. When his attorneys refused to appeal the arbitration award, Slewion filed a pro se notice of appeal with the Court of Common Pleas. He stated that the Court of Common Pleas disposed of the case in January 2010. In the section of the complaint for injuries, Slewion described his medical injuries. For relief, he requested monetary damages. The District Court dismissed the complaint as frivolous because Slewion did not describe any cause of action against the Court of Common Pleas. Slewion filed a notice of appeal.

We have jurisdiction under 28 U.S.C. 1291. Our review of a District Court decision dismissing a complaint as frivolous is plenary. Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990). We may affirm the District Court on any ground supported by the record. Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).

In his brief on appeal, Slewion simply reiterates the chronology of events described in his complaint. Without explanation, he argues that this sequence of events "could possibly form the basis of a claim against appellee." He contends that the Court of Common Pleas committed a crime by contradicting its own discovery deadline and conspiring with the lawyers for the defendant in the state court case to falsify an order.[1] He argues that his complaint is legally sound pursuant to 18 U.S.C. § 371 which makes it a crime to defraud the United States.

---

[1] According to exhibits attached to his brief, Slewion failed to comply with an order of the Court of Common Pleas and was precluded from presenting any testimony or documents on damages or liability.

2

To the extent that Slewion is challenging the judgment or decisions of the Court of Common Pleas, the District Court lacked jurisdiction over the matter. The Rooker-Feldman doctrine deprives a District Court of jurisdiction to review, directly or indirectly, a state court adjudication. See D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). The Supreme Court has explained that this doctrine is narrow and confined to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). Thus, to the extent that Slewion sought to have the District Court invalidate the orders of the Court of Common Pleas, it lacked jurisdiction to do so.

To the extent that Slewion is seeking to have criminal charges brought against the Court of Common Pleas, his claims are frivolous. There is no federal right to require the government to initiate criminal proceedings. Linda R.S. v. Roland D., 410 U.S. 614, 619 (1973).

The District Court did not err in not giving Slewion the opportunity to amend his complaint because any amendment would have been futile. See Phillips v. County of Allegheny, 515 F.3d 224, 245 (3d Cir. 2008). Slewion cannot bring civil rights claims against the Court of Common Pleas because it is not a "person" and cannot be sued under 42 U.S.C. § 1983. Callahan v. City of Philadelphia, 207 F.3d 668, 673 (3d Cir. 2000).

3

The Court of Common Pleas is also entitled to Eleventh Amendment immunity.  Benn v. First Judicial Dist. of Pa., 426 F.3d 233, 241 (3d Cir. 2005).  Slewion has not alleged that the Court of Common Pleas has waived that immunity or consented to suit.

For the reasons above, we will affirm the District Court's order dismissing Slewion's complaint.