**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3302
_____

SAMSON B. SLEWION,

Appellant

v.

MATTHEW P. VENEMA;
JEANNE M. PROKO;
GEORGE B. KEAHEY

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-10-cv-03276)
District Judge:  Honorable J. Curtis Joyner

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 15, 2011

Before:  RENDELL, CHAGARES and ALDISERT, Circuit Judges

(Opinion filed March 17, 2011 )
_____

OPINION
_____

PER CURIAM.

Samson B. Slewion filed a pro se complaint in the District Court for the Eastern

District of Pennsylvania alleging that he was assaulted in 2004 and seriously injured, that

he filed a personal injury action in the Philadelphia County Court of Common Pleas, and that an arbitration panel entered an award in his favor. Slewion appealed the award, and the Court of Common Pleas established a discovery deadline of April 6, 2009. The lawyers representing the defendants in state court, Matthew P. Venema, Jeanne M. Proko, and George B. Keahey, allegedly moved to compel discovery after expiration of the deadline, and the trial court denied the motion. Slewion alleges that Venema, Proko, and Keahey then "falsified a material fact by trick … by forging the discovery deadline of the case management order from April 6, 2009, to May 7, 2009." Compl. at 4. Slewion claims that he "was precluded from testifying about liability and damages" as a result. Id. Naming Venema, Proko, and Keahey as defendants in this federal suit, Slewion sought compensatory damages for the injuries he allegedly suffered in the 2004 assault.

The District Court granted leave to proceed in forma pauperis and dismissed the complaint as legally frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). The court explained that Slewion appears to seek relief because he is dissatisfied with the outcome of the state court case, but that a federal district court lacks jurisdiction to a review a state court judgment by virtue of the Rooker-Feldman doctrine. Slewion timely filed this appeal.

We have appellate jurisdiction under 28 U.S.C. § 1291. Our review is plenary. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

This Court recently affirmed the dismissal of a similar suit by Slewion in which he named the Court of Common Pleas as the defendant, and our analysis of the jurisdictional issue in that case applies equally here:

2

> To the extent that Slewion is challenging the judgment or decisions of the Court of Common Pleas, the District Court lacked jurisdiction over the matter. The Rooker-Feldman doctrine deprives a District Court of jurisdiction to review, directly or indirectly, a state court adjudication. See D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). The Supreme Court has explained that this doctrine is narrow and confined to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). Thus, to the extent that Slewion sought to have the District Court invalidate the orders of the Court of Common Pleas, it lacked jurisdiction to do so.

Slewion v. Court of Common Pleas Phila. County, No. 10-3767, 2010 U.S. App. LEXIS 25040, at *2-3 (3d Cir. Dec. 7, 2010) (per curiam) (not precedential).

Slewion contends on appeal that he filed this suit against Venema, Proko, and Keahey based on "three distinct federal offenses" under 18 U.S.C. § 1001 for allegedly falsifying the state court's case management order. Appellant's Br. at 3-4. Slewion does not, however, have a private cause of action against defendants under 18 U.S.C. § 1001, a criminal statute. See Andrews v. Heaton, 483 F.3d 1070, 1076 (10th Cir. 2007). Further, as we explained in the prior suit, "[t]here is no federal right to require the government to initiate criminal proceedings." Slewion, 2010 U.S. App. LEXIS 25040 at *3.

For the foregoing reasons, we will affirm the District Court's judgment dismissing the complaint as legally frivolous.

3