FILED
United States Court of Appeals
Tenth Circuit

February 1, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ANTHONY C. KENNEY,

        Plaintiff-Appellant,

v.

SWIFT TRANS. INC., and JERRY
MOYES,

        Defendants-Appellees.

No. 10-5128

(N.D. of Okla.)

(D.C. No. 4:10-CV-00515-TCK-FHM)

**ORDER AND JUDGMENT**[*]

Before **O'BRIEN, McKAY**, and **TYMKOVICH**, Circuit Judges.[**]

Anthony Kenney, appearing *pro se*, appeals from the district court's order dismissing his one-page complaint. The district court, *sua sponte*, dismissed Kenney's complaint for failure to state a claim upon which relief may be granted. Because we conclude the complaint was properly dismissed, we AFFIRM.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

## I. Background

In August 2010, Kenney filed a one-page complaint asserting a claim for arbitration fraud. He attached to the complaint several documents related to an arbitration between him and one of the defendants, Swift Transportation Inc. Kenney had previously filed a suit against Swift claiming it failed to employ him based upon his race in violation of Title VII of the 1964 Civil Rights Act as well as other claims arising out of Swift's decision not to hire Kenney. The parties in that matter entered into arbitration to settle all of Kenney's claims. The arbitrator determined Kenney's claims were without merit and frivolous and dismissed all of his claims against Swift.

The district court, after reviewing Kenney's complaint, dismissed it *sua sponte* under Federal Rule of Civil Procedure 12(b)(6) because it failed to allege any factual basis to support its claims. In the same order dismissing Kenney's complaint, the district court granted his motion for leave to proceed *in forma pauperis*.

## II. Discussion

We review *de novo* the district court's Rule 12(b)(6) dismissal. *See Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007)). "[W]e assume the factual allegations are true and ask whether it is plausible that the plaintiff is entitled to relief." *Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009). "A district court may dismiss a case *sua sponte* under Federal Rule [of] Civil Procedure 12(b) 'when it is patently obvious that the plaintiff could not prevail on the facts alleged.'" *Andrews v. Heaton*, 483 F.3d 1070, 1074 n.2 (10th Cir. 2007) (quoting *McKinney v. State of Okla., Dep't of Human Servs., Shawnee, Okla.*, 925 F.2d 363, 365 (10th Cir. 1991)).

After a careful review of the record, we conclude the district court properly dismissed Kenney's complaint under Rule 12(b)(6). Although we construe Kenney's pleadings liberally because he proceeds *pro se*, see *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), he has failed to allege any factual basis for his claims. In his one-page complaint, he asserts a claim for arbitration fraud but does not include a factual basis to support this claim. Therefore, by not alleging any facts to support his claim, Kenney has failed to allege a claim upon which relief may be granted.

### III. Conclusion

For the foregoing reasons we AFFIRM the dismissal of Kenney's complaint.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge