CLD-031                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3301
_____

FRANK BRETT,
                    Appellant

v.

KEN BRETT; NANCY SALTER;
BILL NAULTY; NANCY NAULTY
_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 1:12-cv-02929)
District Judge:  Honorable Noel L. Hillman
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 2, 2012

Before:  RENDELL, JORDAN and GARTH, <u>Circuit Judges</u>

(Opinion filed: November 8, 2012)
_____

OPINION OF THE COURT
_____

PER CURIAM

        Frank Brett, proceeding pro se, appeals from an order of the United States District

Court for the District of New Jersey dismissing his complaint pursuant to 28 U.S.C. §

1915(e)(2)(B)(ii).  Because this appeal does not present a substantial question, we will summarily affirm the District Court's order.  See 3d Cir. L.A.R 27.4; I.O.P. 10.6.

Because we primarily write for the parties, we need only recite the facts necessary for our discussion.  In his complaint, Brett alleges that Appellees opened his mail, obstructed his correspondence, "tipped off" various defendants in other lawsuits, and interfered with bank accounts at various banks.  According to Brett, Appellees Bill and Nancy Naulty opened two letters addressed to Brett from the District Court, read the contents of these letters, and "tipped off" an insurance professional and various individuals who Brett alleges have been slandering him.  He further argues that Appellee Nancy Salter opened his mail from Citizens Bank and Alliance Bank and then gave out his Social Security number.  Finally, Brett alleges that Appellee Ken Brett opened his mail from a federal case pending in Fort Lauderdale, Florida, and mail from various banks.[1]

Brett filed his complaint on May 16, 2012, asserting that the District Court had jurisdiction pursuant to 18 U.S.C. § 1702.  On June 18, 2012, the District Court granted Brett permission to proceed in forma pauperis and ordered that Brett's complaint be dismissed without prejudice with leave to amend within twenty days.  On July 17, 2012, the District Court dismissed Brett's complaint with prejudice because he had not filed an

---

[1] Although Brett's complaint is approximately forty-one pages long, only the first seven pages appear to contain any factual statements.  The majority of the remaining thirty-four pages consist of a long list of a series of letters and numbers, interspersed with random

amended complaint pursuant to the District Court's June 18, 2012 order. Brett then timely filed this appeal.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and exercise plenary review over the District Court's dismissal order. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). See id. To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). We look for "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary elements" of a claim for relief. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556). We may summarily affirm on any basis supported by the record. Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

We concur with the District Court's conclusion that Brett's complaint failed to establish subject matter jurisdiction. For a federal court to exercise diversity jurisdiction over an action, the parties must be citizens of different states and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a)(1). Citizenship of a natural

names of individuals, business, and vehicle makes and models. Like the District Court, we cannot discern any sufficient explanation for the necessity of these pages.

3

person is determined by the state of his or her domicile. See Swiger v. Allegheny Energy, Inc., 540 F.3d 179, 182 (3d Cir. 2008). However, complete diversity is lacking when the plaintiff is a citizen of one state and a defendant is a citizen of that same state. See Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 420 (3d Cir. 2010). Here, Brett noted his domicile as Pennsylvania, and he listed Appellee Nancy Salter as a resident of Havertown, Pennsylvania. Therefore, we concur with the District Court's observation that Brett's complaint does not establish diversity jurisdiction.

Federal courts also have subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, but "federal courts have federal question jurisdiction only when a federal claim appears in the complaint," Levine v. United Healthcare Corp., 402 F.3d 156, 162 (3d Cir. 2005) (citation omitted). Here, Brett has alleged jurisdiction pursuant to 18 U.S.C. § 1702, which states:

> Whoever takes any letter, postal card, or package out of any post office or any authorized depository for mail matter, or from any letter or mail carrier, or which has been in any post office or authorized depository, or in the custody of any letter or mail carrier, before it has been delivered to the person to whom it was directed, with design to obstruct the correspondence, or to pry into the business or secrets of another, or opens, secretes, embezzles, or destroys the same, shall be fined under this title or imprisoned not more than five years, or both.

However, criminal statutes do not give rise to civil liability. See Andrews v. Heaton, 483 F.3d 1070, 1076 (10th Cir. 2007); Allen v. Gold Country Casino, 464 F.3d 1044, 1048 (9th Cir. 2006). Brett does not allege any further violations of federal law for which he

4

can assert a civil action, and so we concur with the District Court that Brett's complaint does not establish federal question jurisdiction.[2]

For the foregoing reasons, no substantial question is presented and we will affirm the judgment of the District Court. See 3d Cir. L.A.R 27.4; I.O.P. 10.6. Accordingly, we deny Brett's motion to add District Judge Hillman as a defendant and to file this appeal under seal,[3] his motion to add evidence, and his amended motion to add District Judge Hillman as a defendant.

---

[2] To the extent that Brett's complaint alleged claims of slander, we further note that the District Court properly declined to exercise supplemental jurisdiction over them. See Gibson v. Chrysler Corp., 261 F.3d 927, 935 (9th Cir. 2001) ("If there is no 'original jurisdiction,' there can be no supplemental jurisdiction either, for there is no jurisdiction to which supplemental jurisdiction can attach.").

[3] Under 3d Cir. L.A.R. 106.1, a motion to seal "must explain the basis for sealing and specify the desired duration of the sealing order." Brett's motion does neither; regardless, we discern no basis for ordering this appeal sealed.