**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3340
_____

WILLIE L. DAVIS,
                              Appellant

v.

ANGELO J. JORDAN, in his official capacity
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 13-cv-01107)
District Judge:  Honorable Robert D. Mariani

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 14, 2014

Before: HARDIMAN, NYGAARD and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 14, 2014)
_____

OPINION
_____

PER CURIAM

    Willie L. Davis appeals from the District Court's order dismissing his complaint.

For the following reasons, we will affirm the judgment of the District Court.

    Davis is a federal inmate currently confined at the United States Penitentiary in

Lewisburg, Pennsylvania ("USP-Lewisburg").  In October 2012, Davis filed a habeas

petition in the District Court pursuant to 28 U.S.C. § 2241, listing as defendants Warden J.E. Thomas and Angelo Jordan, a Disciplinary Hearing Officer ("DHO") at USP-Lewisburg. In the petition, docketed at M.D. Pa. Civ. No. 12-cv-01997, Davis challenged the certification and training standards of DHO Jordan. Specifically, Davis alleged that DHO Jordan was not properly certified to conduct his April 6, 2012 disciplinary hearing which resulted in the loss of good-conduct time. Davis alleged that his due process rights had been violated during the disciplinary proceedings because DHO Jordan had not been properly credentialed.

After the Defendants filed a response to the habeas petition, the Magistrate Judge assigned to the case issued a Report and Recommendation ("R&R") recommending that the habeas petition be denied. He determined that Davis had been afforded the full panoply of procedural protections during the disciplinary proceedings, and that there was sufficient evidence to support the prison's finding of misconduct. Further, the evidence showed that DHO Jordan was competent to conduct the proceedings. The District Court later adopted the R&R and denied Davis's habeas petition. Davis did not appeal that decision to this Court.

Before the District Court issued its final order in that case, however, Davis filed an application to proceed in forma pauperis and a separate complaint in the District Court against DHO Jordan, docketed at M.D. Pa. Civ. No. 13-cv-01107. The complaint, which Davis filed pursuant to 18 U.S.C. § 1001, a criminal statute, alleged that DHO Jordan had committed perjury in connection with the habeas case docketed at M.D. Pa. Civ. No. 12-

2

cv-01997. Specifically, Davis claimed that DHO Jordan had submitted falsified documents showing that he had obtained the proper certifications to conduct Davis's disciplinary hearing. Davis sought money damages from DHO Jordan a result of his alleged violation of 18 U.S.C. § 1001.

The District Court referred the matter to the same Magistrate Judge who had been assigned to Davis's habeas case. After granting Davis permission to proceed in forma pauperis, the Magistrate Judge issued an R&R recommending that Davis's complaint be dismissed. The Magistrate Judge construed the complaint as having been raised pursuant to Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics, 403 U.S. 388 (1971). He then determined that the complaint merely repeated the claim that Davis had advanced in his earlier habeas petition--that his due process rights were violated at the disciplinary proceedings because DHO Jordan did not complete his training prior to the administrative hearing. Determining that success in Davis's Bivens action would necessarily demonstrate the invalidity of the duration of his confinement, the Magistrate Judge recommended that the complaint be dismissed as barred by Heck v. Humphrey, 512 U.S. 477, 487 (1994), and Edwards v. Balisok, 520 U.S. 641, 646-48 (1997).[1]

In an order entered June 28, 2013, the District Court overruled Davis's objections to the R&R, adopted the R&R, and dismissed the complaint without prejudice with leave

---

[1] The Magistrate Judge also reiterated that Davis had, in fact, been afforded adequate due process during the disciplinary proceedings.

to amend within thirty days. Rather than filing an amended complaint, Davis filed a Notice of Appeal on July 25, 2013. The Clerk notified Davis of a potential jurisdictional defect pursuant to Borelli v. City of Reading, 532 F.2d 950 (3d Cir. 1976) (per curiam).

Normally, an order that "dismisses a complaint without prejudice is neither final nor appealable" under 28 U.S.C. § 1291. Borelli, 532 F.2d at 951. Such an order becomes final and appealable, though, if the plaintiff "declares his intention to stand on his complaint" instead of amending it. Id. at 952. Because Davis has filed a response indicating that he has elected to stand on the original complaint, we exercise jurisdiction over the appeal.[2] See Frederico v. Home Depot, 507 F.3d 188, 192-93 (3d Cir. 2007).

On appeal, Davis argues that the District Court misconstrued his complaint. He explains that the complaint did not seek damages from DHO Jordan because of his role in the disciplinary hearing, which formed the basis for Davis's earlier habeas petition. Rather, he explains that he sought damages because he believes that DHO Jordan submitted false documentation, which amounted to perjury, in responding to his habeas petition.[3]

After reviewing the record, it appears that the District Court misconstrued the complaint in the manner Davis suggests. Although the Magistrate Judge determined that

---

[2] Our review of the District Court's dismissal of Davis's complaint is plenary. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

[3] We note that rather than filing an appeal, Davis could have raised this argument in a motion for reconsideration to the District Court.

Davis was again arguing that his due process rights had been violated during prison disciplinary hearings, that does not appear to be the case. Nevertheless, we must affirm the dismissal of Davis's complaint on other grounds. See Johnson v. Orr, 776 F.2d 75, 83 n.7 (3d Cir. 1985) ("An appellate court may affirm a result reached by the district court on reasons that differ so long as the record supports the judgment."). As noted, Davis sought to initiate a cause of action against DHO Jordan under 18 U.S.C. § 1001, based upon his belief that DHO Jordan made false statements to the District Court in connection with his habeas case. However, a private cause of action does not exist under 18 U.S.C. § 1001, which is a criminal statute. See Andrews v. Heaton, 483 F.3d 1070, 1076 (10th Cir. 2007). Further, there is no federal right to require the government to initiate criminal proceedings against an individual. Linda R.S. v. Roland D., 410 U.S. 614, 619 (1973). Accordingly, even if Davis's complaint had been properly construed, it was subject to dismissal for the reasons we have identified.

Davis also argues on appeal that the District Court erred because it failed to properly authenticate DHO Jordan's documents before accepting them as evidence in the habeas case. Any arguments related to the District Court's handling of Davis's habeas case should have been raised in an appeal from the order denying the petition. Davis did not appeal that decision, however, and we will not consider such arguments here.

For these reasons, we will affirm the judgment of the District Court. Appellant's "notice of default and affidavit," which we construe as a request to impose sanctions against the Appellee, is denied.