**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 16, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

VANESSA G. CALVIN; CONSTANCE P.
McCLAIN; QUENTIN W. LYONS,

     Plaintiffs - Appellants,

v.

SHIRLEY LYONS,

     Defendant - Appellee.

No. 18-6228
(D.C. No. 5:18-CV-00847-HE)
(W.D. Okla.)

_____

## ORDER AND JUDGMENT[*]
_____

Before **HARTZ**, **PHILLIPS**, and **EID**, Circuit Judges.
_____

Proceeding pro se, the Plaintiffs are three siblings seeking access to their

deceased father's federal-employee group life insurance policy. To get hold of the

insurance policy, however, they must have a court decree invalidating Shirley

Lyons's marriage to their father, Jimmie Lyons. Accordingly, they have asked the

federal district court to hold that Ms. Lyons was not legally divorced from a prior

husband when she married Mr. Lyons. This is not a new argument—this is Ms.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

Calvin's fourth pro se federal action seeking to challenge Ms. Lyons's status as Mr. Lyons's surviving spouse. As it has done in every other case Ms. Calvin has filed, the district court dismissed the present action for lack of subject-matter jurisdiction. After giving the Plaintiffs an opportunity to object, the court also imposed filing restrictions on Ms. Calvin and noted that it would extend the restrictions to the other Plaintiffs if they adopted Ms. Calvin's abusive litigation practices in the future. The Plaintiffs seek to appeal both the district court's order of dismissal and the imposition of filing restrictions. We affirm.

Reviewing de novo the district court's dismissal for its lack of jurisdiction, *see Safe Streets All. v. Hickenlooper*, 859 F.3d 865, 877–78 (10th Cir. 2017), we discern no error. The district court has repeatedly—and correctly—explained to Ms. Calvin that any order from a federal court invalidating Ms. Lyon's marriage to Mr. Lyons would challenge an Oklahoma state probate ruling that Ms. Lyons is the rightful heir to Mr. Lyon's estate as his surviving spouse. We affirmed the district court's prior holding to this effect in Ms. Calvin's previous consolidated appeal, explaining that "[t]he probate exception bars those requests for injunctive relief that would represent an attempt to conduct probate proceedings or administer a decedent's estate, or would 'endeavor[] to dispose of property that is in the custody of a state probate court.'" *Calvin v. Hank Chang*, 730 F. App'x 587, 590–91 (10th Cir. 2018) (quoting *Marshall v. Marshall*, 547 U.S. 293, 312 (2006)). The Plaintiffs disagree. They argue that the district court has jurisdiction because "courts of equity will interfere to prevent the divorce decrees from being fraudulent." Appellants' Opening Br. at 1. But federal

2

courts will not overrule or invalidate probate rulings through backdoor litigation efforts by disgruntled parties. We understand that the Plaintiffs think Ms. Lyons was not legally married to their father—but the matter has long been settled by Oklahoma state courts and the probate exception "reserves to state probate courts . . . the administration of a decedent's estate." *Marshall*, 547 U.S. at 311. Thus, the district court properly declined to engage in litigation that would undermine the state courts' conclusions and dismissed for lack of jurisdiction.

We review the imposition of filing restrictions for an abuse of discretion. *See Tripati v. Beaman*, 878 F.2d 351, 354 (10th Cir. 1989) (per curiam). Here, we see no such abuse. As we have explained, "[f]ederal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions in appropriate circumstances." *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007). Restrictions may be "appropriate where the litigant's lengthy and abusive history is set forth; the court provides guidelines as to what the litigant may do to obtain its permission to file an action; and the litigant receives notice and an opportunity to oppose the court's order before it is implemented." *Id.* We have reviewed Ms. Calvin's litigation history and considered the arguments she made in her appellate brief. We appreciate that her intentions may be innocent, but her understanding of the law is limited and her relentless pursuit of an order that a federal court cannot issue has become abusive. We can find no abuse of discretion by the district court in requiring Ms. Calvin to either retain legal counsel or first obtain permission from the Chief Judge of the Western District of Oklahoma before filing

3

another suit pro se. In imposing filing restrictions, the district court correctly set forth Calvin's lengthy litigation history, gave Ms. Calvin notice and an opportunity to oppose the imposition of filing restrictions, and provided Ms. Calvin clear guidelines she can follow to receive permission to file a future action. The court was well within its discretion to do so.

For the foregoing reasons, the district court's orders dismissing Plaintiffs' claims and imposing filing restrictions are **affirmed**.

Entered for the Court

Gregory A. Phillips
Circuit Judge

4