**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 26, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT
_____

BRETT ANDREW: HOUSE OF
NELSON,

      Plaintiff - Appellant,

v.

LEWIS T. BABCOCK; GORDON P.
GALLAGHER,

      Defendants - Appellees.

No. 20-1423
(D.C. No. 1:20-CV-03506-CMA)
(D. Colo.)

_____

BRETT ANDREW NELSON, House of
Nelson,

      Plaintiff - Appellant,

v.

GORDON GALLAGHER; LEWIS T.
BABCOCK,

      Defendants - Appellees.

No. 20-1426
(D.C. No. 1:20-CV-03424-CMA)
(D. Colo.)

_____

## ORDER AND JUDGMENT[*]
_____

Before **BRISCOE**, **BALDOCK**, and **CARSON**, Circuit Judges.
_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

_____

Plaintiff filed two suits against United States District Judge Lewis T. Babcock and United States Magistrate Judge Gordon P. Gallagher, both of the District of Colorado, taking issue with their disposition of two prior cases he filed in that district. Appeal No. 20-1423 and its underlying district court case challenge the disposition of <u>Nelson v. Talbot</u>, No. 20-cv-1053-LTB-GPG (D. Colo. May 7, 2020), *aff'd*, No. 20-1424 (10th Cir. Jan. 13, 2021). Appeal No. 20-1426 and its underlying district court case challenge the disposition of <u>Nelson v. Walzl</u>, No. 20-cv-1012-LTB-GPG (D. Colo. May 7, 2020), *aff'd*, No. 20-1180 (10th Cir. Oct. 9, 2020). Specifically, Plaintiff challenges Judge Gallagher's recommendations that the prior cases be dismissed and Judge Babcock's orders adopting those recommendations.

Pursuant to its authority under 28 U.S.C. § 1915A, the district court *sua sponte* dismissed both of Plaintiff's complaints as frivolous, malicious, and abusive. Frivolous because the judges possessed absolute immunity from suit. And malicious and abusive because the district court had advised Plaintiff on numerous occasions that he may not sue judges for damages just because he disagrees with their orders or rulings. The district court granted Plaintiff's motions to proceed *in forma pauperis* in both cases, but certified that any appeals would not be taken in good faith and therefore preemptively denied any motion for IFP status on appeal. Finally, the district court ordered Plaintiff to show cause why it should not impose filing restrictions on him. Plaintiff failed to respond and thus the court imposed the proposed filing restrictions.

Judges enjoy absolute immunity from suit for actions taken in their judicial capacity except where they act in the clear absence of all jurisdiction. See Mireles v. Waco, 502 U.S. 9, 11–12 (1991). We agree with the district court's conclusion that the judges acted within their jurisdiction when they dismissed Plaintiff's prior cases and therefore absolute immunity applies. We further agree that Plaintiff's insistence on filing these actions, despite repeated warnings that he may not sue judges because he disagrees with their rulings, warrants a finding that the suits are malicious and abusive. Finally, "[f]ederal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions in appropriate circumstances." Andrews v. Heaton, 483 F.3d 1070, 1077 (10th Cir. 2007). Plaintiff has identified no error in the district court's imposition of filing restrictions.

Where the district court accurately analyzes an issue, we see no useful purpose in writing at length. We have thoroughly reviewed the records and Plaintiff's appellate briefs and discern no reversible error. Therefore, exercising jurisdiction under 28 U.S.C. § 1291, we AFFIRM in both cases for substantially the same reasons set forth in the district court's orders. Furthermore, Plaintiff's motion to proceed IFP is DENIED.

Entered for the Court

Joel M. Carson III
Circuit Judge